## 50880. BROWN v. THE STATE.

BELL, Chief Judge.

Defendant was convicted of theft by taking of a boat and motor. *Held:*

1. The state by its evidence established that the defendant had backed his truck into a driveway where the victim's boat and its motor resting on a trailer was stored in a carport; and that the defendant drove a short distance away with the boat secured to his truck when he was apprehended. Defendant in his testimony admitted moving the boat on its trailer "a little bit" from the carport and securing it to a hitch on his truck but denied driving away with it. He also denied having any intent to steal the boat. He testified that he was interested in buying a boat and he saw this one and attached it to his truck to see "how it looked." The slightest change of location from where the goods are left by the owner is sufficient proof of asportation and when coupled with the intent to steal, the crime of larceny is completed. *Lundy v. State,* 60 Ga. 143. The evidence and inferences that can be drawn from it authorized a conviction of theft by taking.

2. It was not error to fail to charge on the lesser offense of attempted theft by taking. This lesser offense was not raised by the evidence for it shows that the defendant was either guilty of the crime charged or was not guilty on the ground that he had no intent to steal. *Hinton v. State,* 127 Ga. App. 108 (192 SE2d 717).

*Judgment affirmed. Webb and Marshall, JJ., concur.*

SUBMITTED JUNE 17, 1975 — DECIDED JULY 2, 1975.

*James A. Secord,* for appellant.

*Earl B. Self, District Attorney, Jon B. Wood, Assistant District Attorney,* for appellee.