## 74901. WEBB v. THE STATE.
(360 SE2d 643)

DEEN, Presiding Judge.

Appellant was convicted of theft by taking of a boat motor. The crime victim owned a boat and motor, which he kept in an area of his apartment complex specially designated for boats and related items.

Shortly after midnight on October 29, 1985, Mr. Brown, a resident of the complex, observed an automobile with an open trunk parked in front of his apartment. When he went for a walk a short time later, he observed two young men working at the rear of the victim's boat. He called the police. When the officers arrived, the men fled on foot. One was immediately apprehended by an officer and was identified as the young man who had been observed placing the boat motor cover in the trunk of the car. While Mr. Brown was watching the incident, the appellant ran into him. He identified him at trial. Brown also observed the boat motor lying on the ground and recalled that earlier in the evening he had seen it attached to the boat. Pliers and a pair of vise grips were found beside it, and the motor cables were damaged. The automobile that Brown had observed earlier was parked directly in front of the boat. A subsequent examination of the motor cover revealed two identifiable sets of prints, one belonging to appellant and the other to the co-defendant, who entered a guilty plea. The co-defendant testified at trial and refused to incriminate Webb by claiming that he alone had removed the motor from the boat. Appellant relied upon an uncorroborated alibi and offered no explanation as to how his palm print got on the motor cover.

1. In reviewing the overwhelming evidence of appellant's guilt, we find that the court below did not err in denying his motion for a directed verdict of acquittal. It is not error for the court to refuse to direct a verdict when "viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."

*Wright v. State*, 253 Ga. 1, 3 (316 SE2d 445) (1984); *Rautenberg v. State*, 178 Ga. App. 165 (342 SE2d 355) (1986).

2. The trial court's refusal to charge the jury on criminal attempt did not constitute reversible error. The Uniform Rules for the Superior Courts, Rule 10.3, requires all requests to charge to be submitted to the court at the commencement of trial. Appellant did not make his request to charge until the third day of trial. See *United States v. Johnson*, 713 F2d 633 (11th Cir. 1983).

Assuming *arguendo* that a timely request was made, the evidence showed that a theft had occurred. Appellant argues that although the motor was moved, the movement was not sufficient to constitute a theft. We must disagree. Only a slight change in location from where goods are left by the owner is sufficient proof of asportation, when coupled with intent to steal, to complete the crime of larceny. *Brown v. State*, 135 Ga. App. 323 (217 SE2d 500) (1975); *Hawkins v. State*, 130 Ga. App. 277 (202 SE2d 837) (1973).

3. As appellant did not raise any objection to the District Attorney's closing argument in the court below, his enumeration of error contending that the argument shifted the burden of proof will not be considered on appeal. *Morris v. State*, 179 Ga. App. 228 (345 SE2d 686) (1986).

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED SEPTEMBER 8, 1987.

*Charles C. Grile*, for appellant.
*Spencer Lawton, Jr., District Attorney, Gregory M. McConnell, Assistant District Attorney*, for appellee.