## 76306. WILLIAMS v. THE STATE.
(371 SE2d 673)

BEASLEY, Judge.

Appellant was convicted of the offense of theft by taking of assorted clothing of a value in excess of $500. OCGA § 16-8-2.

Bowen, the security manager for a department store in the Albany Mall, believed that "internal theft" was occurring within the store. One morning he saw employee Dollarson remove a lamp shade from a cardboard box and replace the shade with women's clothing. He saw Dollarson take the box, which weighed 50 to 60 pounds, on a hand truck to the freight elevator and conceal it with other boxes. Bowen kept the area under surveillance and notified another security officer, who watched the area through a security camera. They saw Dollarson take the box and remove it from the store and place it on the loading dock beside the trash compacter.

Before Dollarson placed the box on the loading dock, the appellant was observed in his pickup truck, "mak[ing] several passes behind the mall," and park in a position with "a straight shot down to [the store's] dock doors at shipping and receiving." The box was not on the loading dock when appellant first started driving by it. After Dollarson left the box on the loading dock, Bowen saw appellant drive "his truck down into our loading dock. . . . He opened the box, looked in it, picked up the box, and I let him set the box in the bed of the truck before I did anything with him." Appellant was arrested and stated that he was just "getting empty boxes."

At trial appellant testified that he had been a scavenger for about seven years and looks around department store dumpsters for boxes and merchandise that may be left outside for the garbage collectors. He sells the boxes to his cousin, who resells them. He went to the store that day because his birthday was coming up and he wanted to buy himself a pair of pants. However, he has polio and wears a brace on his leg and it was "bothering [him]." He lowered his pants to ad-

just the brace and then just said to himself that he would return the next day and started to drive away, but he saw "the box" outside the store's doors near what he perceived to be a dumpster. He said: "So I backed up. . . . I just pulled the truck in there. That is all that I did and I got out and I looked at the box. . . . I said, 'Something in here . . . . It is heavy.' " He did not have an opportunity to determine its contents or put it in the rear of his pickup truck because the store representatives came out and accused him of theft. He denied that he opened the box or looked in it, and he definitely did not move it onto his truck.

Dollarson had lived at 1309 East Roosevelt in Albany all of his life. Williams lived at 1125 East Roosevelt, a couple of blocks from Dollarson, since 1983, but claimed he did not know him.

1. As to the "general grounds," when the evidence is viewed in the light favorable to the verdict, the evidence is sufficient to enable any rational trier of fact to find the existence of the offense charged, beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. It is argued that the trial court erred in refusing to give appellant's requested charge "number five, a statement of law taken from OCGA § 16-8-10." Neither the record nor the transcript contains appellant's requested charge. However, the colloquy between counsel and the court makes evident that it involves subsection (2) of OCGA § 16-8-10, which states: "It is an affirmative defense to a prosecution for violation of Code Sections 16-8-2 through 16-8-7 that the person . . . (2) Acted under an honest claim of . . . a right to acquire . . . [the property] as he did. . . ." Appellant cites *Calloway v. State*, 176 Ga. App. 674 (337 SE2d 397) (1985) as authority for his claim that because this was his only real defense, the court's failure to charge on it is reversible error.

Defendant's sole defense was that he thought the box and contents outside the store were discarded trash which he was free to take. He did not say specifically that he picked it up or moved it, but it appears from what he said that he did, so the lack of asportation was not available to him as a defense. He did not deny that the box and contents had not in fact been discarded by the store but claimed he only later learned this. In these circumstances, his only defense was the statutory one.

Thus the trial court was obligated to charge the principle quoted, as defendant's counsel urged by an apparently handwritten charge submitted at the close of the evidence. Even if the submission of the request was not properly accomplished or perfected on appeal, the requirement would remain. *Griffin v. State*, 154 Ga. App. 261, 264 (3) (267 SE2d 867) (1980) quotes the long-standing rule in this state, which requires instruction to the jury on the rules of law related to

the sole defense, the absence of which "prejudices the defendant's right to a fair and impartial trial." A new trial is called for.

3. The trial court correctly charged on the law of asportation as it applies to theft by taking. *Webb v. State*, 184 Ga. App. 89, 90 (360 SE2d 643) (1987); *Brown v. State*, 135 Ga. App. 323 (1) (217 SE2d 500) (1975).

*Judgment reversed. Banke, P. J., Sognier and Benham, JJ., concur. Carley, J., concurs in the judgment only. Birdsong, C. J., Deen, P. J., McMurray, P. J., and Pope, J., dissent.*

BIRDSONG, Chief Judge, dissenting.

I respectfully dissent from the majority opinion because I find no merit to the appellant's contention that the trial court erred in refusing to give his requested charge based on OCGA § 16-8-10.

1. First, the requested charge is not in the record or transcript and this court cannot assure itself of the exact wording. The burden is on an appellant to establish error which has harmed him, and this cannot be done by assertions in the brief. *York v. Miller*, 168 Ga. App. 849, 850 (310 SE2d 577); *Holzmeister v. State*, 156 Ga. App. 94 (1) (274 SE2d 109). " ' "A request to charge should in itself be correct, and even perfect; otherwise the refusal to give it will not be cause for a new trial." ' " *Berman v. Berman*, 253 Ga. 298, 299 (319 SE2d 846). Further, the request must be " ' "legal . . . and precisely adjusted to some principle involved in the case. If any portion of the request is inapt or incorrect, denial of the request is proper." ' " *Fowler v. Gorrell*, 148 Ga. App. 573, 576 (251 SE2d 819); accord *Kessel v. State*, 236 Ga. 373, 374 (223 SE2d 811). Without the verbatim request to charge before us, this court cannot assure itself the request perfectly stated the law, is not argumentative, and is precisely adjusted to the facts and the law of this case. I will not presume reversible error from a silent record.

2. Secondly, I find no reversible error in the refusal of the trial court to give the requested charge because this alleged defense was not established as a matter of law. If the request is not "precisely adjusted to some principle [of law] involved in the case" it is not error to refuse the request. *Fowler*, supra; *Kessel*, supra. For this affirmative defense to be "apt" in the present case, it must have a basis in fact, and be permitted by law. Stated conversely, regardless of whether the evidence establishes a claimed fact, if such fact is not recognized by the law as a defense, there is no error in refusing to give the charge. For example, it is not error to refuse a requested charge on an asserted defense of causing the death of another "by the commission of a lawful act in an unlawful manner" when the instrument used is a "deadly weapon," as a matter of law, even though the established facts support the claim. *Ward v. State*, 252 Ga. 85 (1) (311 SE2d 449); *Saylors v. State*, 251 Ga. 735 (2) (309 SE2d 796); *Richard-*

*son v. State*, 250 Ga. 506 (3) (299 SE2d 715).

Williams claimed he picked up "cans and boxes." He admitted being parked in front of the loading dock and saw this "box sitting over there . . . the door as you go in the shop." As to the box's relative position to a dumpster, Williams was asked by his counsel: "Q. In other words, there is a side door and the dumpsters are around the corner. . . . A. I said, 'There is a box.' So I backed up . . . I looked at the box. And I went to do that right there, and I said, 'Something in here.' I said, 'It is heavy.' " Williams testified that at this point he was apprehended. Two security guards testified that they waited until Williams loaded the stolen merchandise on his truck. The majority states that Williams was "just 'getting empty boxes.' " In other words, Williams asserted no "honest claim of right" to the stolen merchandise, only the box. Yet, the stolen merchandise in the "empty box[ ]" weighed 50 to 60 pounds and appellant was aware of "something in" the box, and that it was "heavy." However, the appellant was not charged with the larceny of the box, but of the merchandise in the box, and according to the record and the majority, appellant has asserted no "honest claim of right" to the merchandise, only that he had no "intention to steal anything from" the store. Hence, it should not be error to refuse to charge on a collateral issue (i.e., larceny of the box), which was not charged as a crime.

From the above, it is seen that Williams' asserted claim of right was only to the box, and not to the merchandise in the box. There is no evidence in the record, and no basis in law for an "honest claim of right" to the merchandise of another (the department store) which is located on the property of the true owner (the loading dock). The test for an "honest claim of right" is set forth in *Moyers v. State*, 186 Ga. 446, 449-450 (197 SE 846): " 'If one in good faith takes the *property* of another, *believing* it to be his own or that *he has a [legal] right to its possession*, though his claim is unfounded, *he is not guilty of larceny, because there is no felonious intent* to deprive another of his property.' . . . '*The claim* under which the party acts *must be a claim of* ownership or *right to possession of the specific thing. . . .*" (Emphasis supplied.) Here, the appellant's claim of right was not to "the specific thing," the merchandise, and because appellant was not charged with larceny of the box, his charge related to the merchandise and was not applicable, either in fact or law. See *Breland v. State*, 135 Ga. App. 478, 481 (3) (218 SE2d 153). "There is a distinction between 'claim of right' and 'lack of intent.' [Cit.] . . . [T]he defendant did not contend at the trial that the property was not stolen, but only that he was unaware of the fact." *Williams v. State*, 142 Ga. App. 764, 769 (236 SE2d 893).

Accordingly, as appellant's defense was not an honest claim of right to the merchandise, but a claim of right to the box, and he has

not been charged with theft of the box, and no "honest claim of right" was established or asserted by a claimant who went onto the property of another and allegedly took possession of the other's merchandise, such stranger to the title can have no "honest claim of right" to the merchandise, only that he was without any intent to deprive the true owner of its property. Cf. *Mathis v. State*, 147 Ga. App. 148, 149 (3) (248 SE2d 212). The trial court properly charged on the specific intent of the taker to deprive the owner of its property which was the sole defense asserted and this was resolved against appellant. *White v. State*, 163 Ga. App. 518 (295 SE2d 333); *Bremer v. State*, 148 Ga. App. 461, 467 (3) (251 SE2d 355).

Because the appellant has asserted no "honest claim of right" to possession of the stolen merchandise, but only to the box, he was not entitled to a charge on a claim of right to the merchandise as a matter of fact. Because appellant has no basis in law for an "honest claim of right" to the property of the department store, following his entry onto the property of the store, even if there was a factual predicate for the claim, it is not recognizable in law and the refusal to charge was correct as a matter of law.

3. Of interest is the claim of the appellant that he did not attempt to steal the merchandise, in effect, he just picked the box up, put it down, and there was no asportation of the stolen merchandise, thus no offense. Assertion of an honest claim of right to property is an affirmative defense. *Mathis*, supra at 149. It is general law in this state that one cannot assert an affirmative defense if he denies commission of the offense. See *Gregoroff v. State*, 248 Ga. 667, 669-670 (285 SE2d 537); *Griffin v. State*, supra at 263. The basic reasoning is that an affirmative defense is in the nature of confession and avoidance — I took the property, but I took it because I have an honest claim of right to it. *Gregoroff*, supra at 670. Appellant claims the best of both sides, i.e., I didn't take it, and if I did take it, I had a right to it (the box) because I am a scavenger, and I have the right to go onto the property of anyone and take any box. Compare *Mathews v. United States*, 485 U. S. ___ (108 SC 883, 99 LE2d 54).

I would affirm the judgment of the trial court. I am authorized to state that Presiding Judge Deen, Presiding Judge McMurray and Judge Pope join in this dissent.

DEEN, Presiding Judge, dissenting.

While concurring with Chief Judge Birdsong's dissent, I wish to note that even if the department store in this case had forfeited any reasonable expectation of privacy to any discarded boxes by placing them on the loading dock beside the trash compacter, see *California v. Greenwood*, 486 U. S. ___ (108 SC ___, 100 LE2d 30) (1988), the loss of such privacy interest would not bestow upon a scavenger an

"honest claim of right" to the garbage. Thus, regardless of whether the requested charge in this case belonged to the " 'grand conglomerations of garbled verbiage and verbal garbage,' " *State Hwy. Dept. v. Price*, 123 Ga. App. 655, 657 (182 SE2d 175) (1971), the trial court did not err in refusing to give the charge since it was not supported by the evidence.

DECIDED JULY 15, 1988.

*Clayton Jones, Jr.*, for appellant.

*Hobart M. Hind, District Attorney, L. Earl Jones, Melodie B. Swartzbaugh, Assistant District Attorneys*, for appellee.