## A89A0309. HAMBRICK v. THE STATE.
(378 SE2d 340)

BANKE, Presiding Judge.

The appellant was convicted of burglary. His primary complaint on appeal concerns the trial court's refusal to give his requested charge on criminal trespass as a lesser included offense.

The appellant was arrested while standing just inside the unlocked rear door of a Sears store which had been secured for the night only a few minutes earlier. He explained to the arresting officer that "he was looking for some food and a place to get warm." There was no evidence that the appellant was in possession of burglary tools or property belonging to the store, and the officer testified that there was no sign of a forced entry.

The appellant testified that he had lived on the streets for the previous four years, scavenging for food in trash cans and dumpsters. He stated that he had been searching through a trash can behind a restaurant in the shopping center where the Sears store was located when he noticed that the door to the Sears store was open. Explaining that he knew there was an area in the back of the store "where they kept the refrigerator and cookie machines," he testified that he "walked in and went straight to where they kept the food and stuff at, the refrigerator, and started looking in the trash can."

The trial court concluded that the appellant was not entitled to a charge on criminal trespass as a lesser included offense because he had admitted to entering the building with the intent to commit a theft therein when he testified that he entered to get food. Not knowing that his requested charge on criminal trespass would be refused, the appellant's counsel had already argued to the jury that his client should be found guilty of the lesser offense; and during the course of their deliberations, the jury returned to the courtroom to ask "if we can consider, as [appellant's counsel] suggested, a charge of criminal trespass." The judge responded by instructing them as follows: "You can either find one of two verdicts in this case. You can either find [the appellant] guilty of burglary or not guilty of burglary." *Held*:

1. Where the evidence establishes without conflict that a burglary in fact occurred, and the defendant simply denies being the one who committed it, the crime of criminal trespass merges with the crime of burglary, and no charge on criminal trespass is required. See *Deese v. State,* 137 Ga. App. 476, 477 (3) (224 SE2d 124) (1976); *Varnes v. State,* 159 Ga. App. 452, 453 (2) (283 SE2d 673) (1981). However, the evidence in this case does not establish without dispute

that a burglary occurred. The appellant testified that he did not intend to steal anything from inside the store but merely hoped to find some food in the trash can in the vending machine area. Because any such food would have been discarded, it would not necessarily have been a violation of anyone's property rights for the appellant to have taken it. See *Williams v. State*, 187 Ga. App. 859 (2) (371 SE2d 673) (1988) (holding that a defendant accused of theft by taking was entitled to defend against the charge on the theory that he reasonably believed the property had been discarded). Thus, a jury might reasonably have determined under the circumstances of this case that although the appellant acted unlawfully in entering the store, he did not enter "with the intent to commit a felony or theft therein," so as to be guilty of burglary within the contemplation of OCGA § 16-7-1 (a). Accordingly, we hold that the trial court erred in refusing to give the appellant's requested charge on criminal trespass as a lesser included offense.

2. The court did not err, however, in "restrict[ing] the [jury's] right to return a conviction based upon the crime of theft by taking. . . ." Since the appellant unquestionably had entered or remained in the building without authority, a finding that he had committed a theft would necessarily have established his guilt of burglary. "Where the evidence shows either the completed offense as charged or no offense, such evidence will not support a verdict for one of the lesser grades of the offense, and the court should not charge on the lesser grades of the offense." *Burley v. State*, 172 Ga. App. 34, 35 (321 SE2d 783) (1984).

3. Nor did the trial court err in denying the appellant's motion for a directed verdict of acquittal on the burglary charge. Although the jury could have concluded from the appellant's testimony that he did not intend to commit a theft inside the building, it was not required to do so. "[P]roof of unauthorized entry does not dispense with the need to further show such entry was with the intent to commit a felony or theft; it does make, however, the jury's conclusion, reached by consideration of *all* circumstances connected with the act, that the requisite intent was present, a logical one." *Ealey v. State*, 139 Ga. App. 604, 606 (229 SE2d 86) (1976). Inasmuch as there were certain inconsistencies in the appellant's testimony, and inasmuch as the unauthorized entry or presence of an individual inside a retail store which has been secured for the night may in and of itself be considered suggestive of an intent to take something of value, we hold that the evidence in this case was sufficient to enable a rational trier of fact to find the appellant guilty of burglary beyond a reasonable doubt. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

4. The trial court did not err in refusing to give the appellant's

requested charges to the effect that intent is an essential element of a crime which may not be presumed but must be proved by the state beyond a reasonable doubt. The charge given by the court amply and completely covered these principles and was not unconstitutionally burden shifting.

5. The appellant's remaining enumeration of error is directed to the trial court's failure to hold a pre-charge conference to inform counsel of its proposed action on the requests to charge prior to closing arguments, as required by OCGA § 5-5-24 (b). We decline to address this asserted error inasmuch as such an omission is not likely to reoccur upon any retrial of the case.

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED JANUARY 18, 1989 —
REHEARING DENIED JANUARY 31, 1989 — 

*Mullins, Whalen & Shepherd, Samuel H. Sullivan,* for appellant. *Johnnie L. Caldwell, Jr., District Attorney, Anne Cobb, Assistant District Attorney,* for appellee.