A93A1944. BENJAMIN v. THE STATE.
(440 SE2d 259)

COOPER, Judge.

Appellant was convicted by a jury of armed robbery and kidnapping. He appeals from the judgment of conviction and sentence entered on the jury verdict.

1. Appellant contends there was insufficient evidence at trial to support the jury's verdict. The evidence adduced at trial showed that on December 18, 1991, at approximately 7:00 p.m., an employee at a Sandy Springs theater observed three black men whispering to each other outside the box office. The men left and returned approximately two hours later, purchasing tickets for the second show. A short time after they entered the theater, the men forced several employees at

gunpoint to an upstairs office where they tied the employees' hands and forced them to lie on the floor. The men robbed several of the victims individually and took money from the safe. Police confronted the robbers as they left the theater, one of whom dropped a bag of money. One robber escaped, and the other two ran into woods near the theater where they were later apprehended. A police officer identified appellant at trial as one of the robbers who had been apprehended. Several theater employees identified appellant from a photographic line-up and at trial as one of the robbers. Police recovered a mach-11 automatic weapon and a 9 mm pistol from the theater.

The evidence further showed that one week earlier, a similar robbery occurred at a convenience store in Morgan County, Georgia, in which three black men tied up the store manager at gunpoint and robbed the store. They used a mach-11 automatic weapon and took a 9 mm pistol from the manager. A cartridge fired from the 9 mm pistol in the store robbery matched the 9 mm pistol recovered from the theater. The store manager identified appellant at trial, and both the manager and a witness to the store robbery identified appellant from a photographic line-up. We find the evidence presented at trial was sufficient to allow rational jurors to find appellant guilty beyond a reasonable doubt of all charges. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends the trial court erred in failing to give curative instructions or grant a mistrial after a State's witness improperly placed his character in issue. Specifically, appellant claims a detective at trial named him as a suspect in an uncharged armed robbery. In response to the prosecutor's question concerning how the photographic line-up in the convenience store robbery was prepared, the detective testified: "I got some photos from [a] Thompson, Georgia, G.B.I. Agent . . . who was investigating an armed robbery that had occurred in a [restaurant] in that county in October, I believe, where three subjects had used uzi-type weapons and robbed the [restaurant]. He had photographs of the three subjects. They had been stopped and questioned but had not at that time been charged." Counsel for appellant did not object to this testimony. The agent further explained that he had also utilized photographs of three other individuals in the line-up who were similar in appearance. Counsel for appellant then cross-examined the detective regarding the photographic line-up, eliciting that the suspects in the restaurant robbery had been questioned but released. Counsel then moved for a mistrial and curative instructions on the ground the detective's reference to appellant being a suspect in the restaurant robbery placed his character in issue. The trial court denied the motion. Later, outside the presence of the jury, appellant's counsel again moved for a mistrial, which the trial court denied.

"A motion for mistrial not made contemporaneously with the alleged misconduct renders the motion untimely." (Citations omitted.) *Lewis v. State*, 186 Ga. App. 349, 352 (6) (367 SE2d 123) (1988). Furthermore, the detective's statement did not identify appellant as one of the suspects in the restaurant robbery; he simply stated that the photographic line-up consisted of photographs of three suspects in a prior robbery and photographs of three other individuals bearing a similar appearance. Moreover, even if the jury could reasonably infer that appellant was one of the suspects from the prior robbery, the detective's statement was not sufficient to place appellant's character in issue. Even a police officer's references to "a vocation on file of [the defendant]" or the defendant's picture being in a mug book have been determined not to place a defendant's character in issue. See *Gooden v. State*, 204 Ga. App. 62 (2) (418 SE2d 632) (1992); *McKenzie v. State*, 187 Ga. App. 840 (6) (371 SE2d 869) (1988). Accordingly, we find no abuse of discretion in the trial court's refusal to grant a mistrial or give curative instructions.

*Judgment affirmed. Beasley, P. J., and Smith, J., concur.*

DECIDED JANUARY 13, 1994.

*Michael A. Barkin*, for appellant.
*Lewis R. Slaton, District Attorney, Kenneth D. Feldman, Barry I. Mortge, Assistant District Attorneys*, for appellee.

