A96A2275. JENKINS v. THE STATE.

(481 SE2d 590)

Judge Harold R. Banke.

Chris Jenkins was convicted of selling crack cocaine to a narcotics agent during an undercover drug operation. Following the denial of his motion for new trial, Jenkins asserts five errors.

After filing an affidavit of indigency, Jenkins received court-appointed counsel, W. Allen Adams, who represented him for over a year. On the morning of trial, Adams moved to withdraw as trial counsel based on Jenkins' criticism of his representation. Although Jenkins alleged that he was talking to Adams for the first time, Adams stated that he had spoken with Jenkins about the case on "numerous occasions." Jenkins informed the court that he was afraid to proceed to trial with Adams. At no point during the hearing did Jenkins claim that he had obtained other counsel. It is undisputed that no other attorney filed an entry of appearance on Jenkins' behalf prior to trial and that no other attorney appeared before the court at the start of the trial.[1] The trial court advised Jenkins that he could proceed with appointed counsel or represent himself. After noting that Jenkins was attempting to manipulate the system to avoid going to trial, the trial court denied Adams' motion to withdraw. Later, during a bench conference, Jenkins inquired, "Well can I — can I get me a paid lawyer or something, cause I can't go with him." After the jury returned a guilty verdict, the court admitted into the record a hand-written note from Jenkins dated the last day of trial. In that note Jenkins claimed that he asked the judge "for a restrain [sic] Lawyer 'Michael King' but was refused to do so." *Held:*

1. In two enumerations Jenkins asserts that he was denied due process by being forced to proceed with a court-appointed attorney and not an attorney of his own choosing. Jenkins further claims that the trial court erred by failing to determine whether he acted with reasonable diligence in retaining counsel. The pretrial hearing transcript fails to show that Jenkins retained King before trial and Jenkins' inquiry to the court about prospectively obtaining a "paid lawyer" for himself belies his assertion that the trial court denied his right to proceed with retained counsel. Although an indigent defend-

---

[1] Jenkins claims that on the day before trial he informed his court-appointed counsel that he had retained as trial counsel, Michael B. King, now Jenkins' appellate counsel.

ant is entitled to adequate representation, he cannot fail to employ counsel promptly and then use that failure to delay his trial. *Stephens v. State*, 208 Ga. App. 620, 621 (1) (431 SE2d 422) (1993); compare *Shaw v. State*, 251 Ga. 109, 112 (303 SE2d 448) (1983).

2. We reject Jenkins' contention that Adams was ineffective by failing to inform the court that Jenkins had retained trial counsel and by failing to move for a continuance so his retained counsel could prepare for trial. Notwithstanding Jenkins' tardy and self-serving assertion that he hired King the day before trial, the record fails to support this claim. Even assuming for the sake of argument only that Jenkins retained King before trial, the record indisputably shows that Jenkins failed to so apprise the trial court when afforded the opportunity to do so. Moreover, if King had been retained, then it was incumbent upon King, not Adams, to follow the procedures mandated by the Uniform Superior Court Rules and, ultimately to seek a continuance. See Uniform Superior Court Rules 4.2, 4.6.

3. Jenkins asserts that he was denied effective assistance of counsel because his attorney failed to subpoena purportedly crucial alibi witnesses. In order to establish ineffectiveness of trial counsel, Jenkins must show not only that his counsel's performance was deficient but also that the deficient performance prejudiced his defense. *Stephens v. State*, 265 Ga. 120, 121 (2) (453 SE2d 443) (1995). Absent a showing of prejudice, no inquiry need be made into counsel's alleged deficiency. *Trammel v. State*, 265 Ga. 156 (1) (454 SE2d 501) (1995). In light of the overwhelming evidence of Jenkins' guilt including the undercover officer's testimony describing presale negotiations with Jenkins and Jenkins' direct hand-to-hand sale of a rock of cocaine to him, Jenkins failed to make the requisite showing of prejudice to his defense, even assuming arguendo that counsel's performance was somehow deficient. Id. The trial court's finding that Jenkins was not denied effective assistance of counsel was not clearly erroneous and must be affirmed. *Warren v. State*, 197 Ga. App. 23, 24 (397 SE2d 484) (1990).

*Judgment affirmed. Andrews, C. J., and Smith, J., concur.*

DECIDED FEBRUARY 12, 1997 —

*Michael B. King*, for appellant.
*William T. McBroom III, District Attorney, Michael G. Webb, Assistant District Attorney*, for appellee.