A97A0463. WALKER v. THE STATE.
(482 SE2d 515)

Judge Harold R. Banke.

Calandas Walker was convicted of impersonating a police officer (OCGA § 16-10-23) and giving a false name to a law enforcement officer (OCGA § 16-10-25). Following the denial of his motion for new trial, Walker challenges both convictions on sufficiency grounds.

On appeal, the evidence must be viewed in the light most favorable to the verdict, and Walker no longer enjoys the presump-

---

tion of innocence. *Rigenstrup v. State*, 197 Ga. App. 176, 181 (4) (398 SE2d 25) (1990). Viewed in that light, the State's evidence was as follows. As Patrolman R. L. Lindsey began to write a citation for a vehicle illegally parked in a fire lane, Everleen Bell, the vehicle's owner, ran out of a nearby laundromat to intercept him. Both Bell and Walker, her friend, attempted to dissuade Lindsey from ticketing the vehicle. Claiming to be an Alabama State Trooper, Walker informed Lindsey that "In Alabama, we give warnings for this." When Lindsey requested some proof of identity, Walker stated he had left his identification in Alabama. Walker gave his name to Lindsey as Deramus McKinley. Bell indicated to Lindsey that she thought Walker was an Alabama State Trooper. After Walker's identification revealed that he was Calandas Walker and not McKinley as he claimed, Lindsey arrested him. At trial, a personnel assistant for the Alabama Department of Public Safety testified that a record search failed to show any employment history for a Calandas Walker. *Held*:

Walker's challenges to the sufficiency of the evidence on both convictions are without merit. On appeal, this Court does not weigh the evidence or assess witness credibility. *Dolphus v. State*, 218 Ga. App. 565, 566 (462 SE2d 453) (1995). Despite Walker's insistence that he did not claim to be an Alabama trooper and that he merely stated he had studied for an entrance test to become a trooper, and Bell's testimony that she never heard Walker claim to be an Alabama State trooper, Lindsey's contrary testimony was sufficient to support the conviction for impersonating an officer. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Similarly, the evidence was sufficient within the meaning of *Jackson v. Virginia* to support Walker's conviction for giving a false name. Walker admitted mentioning the name McKinley Deramus [sic] but contended that he referred to McKinley in the context of being the supervisor administering the Alabama test. Conflicts in the testimony of witnesses are matters for jury resolution. *Grier v. State*, 218 Ga. App. 637, 638 (1) (463 SE2d 130) (1995). The jury obviously chose not to believe Walker. The testimony of Lindsey, a single witness, was sufficient to establish the false name count. OCGA § 24-4-8. See *Searcy v. State*, 236 Ga. 789, 790 (225 SE2d 311) (1976).

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED FEBRUARY 28, 1997.

*Lee Sexton & Associates, Robert L. Ferguson*, for appellant.

*Robert E. Keller, District Attorney, Verda M. Andrews-Stroud, Assistant District Attorney*, for appellee.