### A97A0809. GRISSON v. THE STATE.
(484 SE2d 802)

MCMURRAY, Presiding Judge.

Defendant Ricky Darnell Grisson was charged in an indictment with violating the Georgia Driver's Licensing Act, in that on October 6, 1995, he unlawfully operated a motor vehicle "after receiving notice on August 19, 1992 that . . . he had been declared a[n] habitual violator of the laws relating to motor vehicles and traffic" (Count 1), and further charged with giving false information, by giving a "false name and date of birth to James Marzahl, a law enforcement officer engaged in the lawful discharge of his official duties, with the intent to mislead the officer as to his identity" (Count 2).

The evidence at defendant's jury trial, viewed to uphold the jury's verdict, reveals that Deputy James Marzahl of the Oconee County Sheriff's Office participated in "a license/insurance card

checkpoint on Dowdy Road at Old Epps Bridge Road[, in Oconee County]." Deputy Marzahl "asked the driver of [a gray Buick] for his driver's license and proof of insurance. The driver stated that he did not have his driver's license. [Deputy Marzahl] asked him for his name. He stated his name was Charles Grisson. [Deputy Marzahl] also asked him for his date of birth. He gave [Deputy Marzahl] a date of birth of 8/14 of '54. [Deputy Marzahl] ran his name and date of birth through the computer to check and see if he was a licensed driver, at which time it came back that it was not licensed. [Deputy Marzahl] then placed him under arrest, at which time the subject stated that his correct name was Ricky Darnell Grisson. . . ." Deputy Marzahl identified defendant as Ricky Darnell Grisson. Other evidence showed that defendant's true date of birth is "October the 30th, 1958." Defendant affirmed that the name he first gave Deputy Marzahl, "it's [his] brother's name, Charles Grisson." On August 19, 1992, defendant signed an "OFFICIAL NOTICE OF REVOCATION AND SERVICE BY COURT," in which he affirmed he had "PERSONALLY RECEIVED SERVICE OF HABITUAL VIOLATOR REVOCATION ORDER[.]" In this notice, defendant was informed "it shall be unlawful for [him] to operate a motor vehicle in the State of Georgia[, because his] license and privilege to operate a motor vehicle in this State [had been] revoked for a minimum of five (5) years from 08-19-92."

The jury acquitted defendant of Count 1, violation of the Georgia Driver's Licensing Act (driving after notification that he was an habitual violator), but found him guilty of Count 2, giving false information. This direct appeal followed. *Held*:

"A person who gives a false name, address, or date of birth to a law enforcement officer in the lawful discharge of his official duties with the intent of misleading the officer as to his identity is guilty of a misdemeanor." OCGA § 16-10-25. In his sole enumeration of error, defendant challenges the sufficiency of the evidence, arguing that he did produce his driver's license for Deputy Marzahl, and that he told Deputy Marzahl his name was Ricky Darnell Grisson but that Deputy Marzahl did not believe defendant and thought defendant was Charles Grisson.

"On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the appellant (defendant here) no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). *Howard v. State*, 261 Ga. 251, 252 (403 SE2d 204); *King v. State*, 213 Ga. App. 268, 269 (444 SE2d 381). 'Conflicts in the testimony of the witnesses, including the (S)tate's witnesses, is

a matter of credibility for the jury to resolve. (Cits.) As long as there is some (competent) evidence, even though contradicted, to support each fact necessary to make out the (S)tate's case, the jury's verdict will be upheld. (Cit.)' *Searcy v. State*, 236 Ga. 789, 790 (225 SE2d 311)." *Grier v. State*, 218 Ga. App. 637, 638 (1) (463 SE2d 130). "The testimony of a single witness is generally sufficient to establish a fact." OCGA § 24-4-8.

In the case sub judice, the testimony of Deputy Marzahl is sufficient to establish the fact that defendant did not produce a valid driver's license but instead gave a false name and date of birth. The criminal intent to mislead Deputy Marzahl as to defendant's identity may be inferred from the documentary evidence indicating that defendant personally received notice that his driver's license and driving privileges had been revoked in Georgia for a minimum of five years as of August 19, 1992. "The jury [in the case sub judice] obviously chose not to believe [defendant]. The testimony of [Deputy Marzahl], a single witness, was sufficient [under the standard of *Jackson v. Virginia*, 443 U. S. 307, supra,] to establish the [OCGA § 16-10-25] false name count [as alleged in Count 2 of the indictment]. OCGA § 24-4-8. See *Searcy v. State*, 236 Ga. 789, 790[, supra]." *Walker v. State*, 225 Ga. App. 19 (482 SE2d 515).

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED MARCH 31, 1997.

*Debra G. McDonald, John W. Donnelly*, for appellant.
*Harry N. Gordon, District Attorney, Kirk M. Thomas, Assistant District Attorney*, for appellee.