A97A0904. WESLEY v. THE STATE.
(491 SE2d 824)

RUFFIN, Judge.

Leon Wesley appeals his conviction on charges that he drove a vehicle under the influence of alcohol to the extent he was less safe to drive and that he failed to maintain his lane. Although he challenges the conviction on several grounds, we find no error and, for the following reasons, we affirm.

1. Wesley claims the court erred by allowing the officer to testify that he read Wesley the appropriate "implied consent" warning before he administered the Intoxilyzer 5000, which showed Wesley's breath alcohol content to be .064 percent. Prior to introducing evidence of the Intoxilyzer results, the State was required to lay a foundation including proof that the proper implied consent warning was given. See *Deckard v. State*, 210 Ga. App. 421, 423 (436 SE2d 536)

(1993). The officer testified he did not have in court his own copy of the implied consent "card" from which he read the warning, but that he always used "whichever one was in effect." The prosecutor presented him with a copy of the appropriate implied consent warning in effect at the time of Wesley's arrest, and the officer testified that, "the best [he] remember[ed]," he gave that very warning.

Although Wesley argues the officer's vague testimony is insufficient to show he read the proper warning, we find no error. If the officer's testimony was unclear or contradictory, those factors went to its weight and credibility but do not affect its sufficiency on appeal. *Lee v. State*, 188 Ga. App. 406 (4) (373 SE2d 28) (1988). "[C]redibility as it relates to the admissibility of evidence is an issue for the trial court; a trial court's findings as to credibility will be upheld on appeal unless clearly erroneous. [Cit.] The trial court's implied finding that the foundation witness was credible was not clearly erroneous." *Dunn v. State*, 218 Ga. App. 329, 330 (461 SE2d 294) (1995).

2. Wesley enumerates as error the trial court's failure to grant his motion for mistrial based on the admission of the Intoxilyzer results. The results were admitted with no objection other than that discussed in Division 1. At the close of the State's evidence, however, Wesley's counsel moved for mistrial, claiming his cross-examination of the officer had shown the officer did not "possess[ ] a valid permit issued by the Division of Forensic Sciences" to operate the machine, as required by OCGA § 40-6-392 (a) (1) (A). We find nothing to review, as the motion for mistrial was untimely. See *Benjamin v. State*, 211 Ga. App. 670, 672 (2) (440 SE2d 259) (1994) (motion for mistrial must be made " 'contemporaneously with the alleged misconduct' ").

3. Wesley also moved for and was denied a mistrial after the officer testified he requested Wesley submit to a blood sample, which he stated "would have not only been checked for alcohol but narcotics as well." Wesley claims this testimony wrongly impugned his character by implying he was under the influence of drugs at the time the officer stopped him. The trial court denied the request for mistrial but instructed the jury, "the Defendant in this case is not charged in any way whatsoever with any kind of possession or use of drugs. Therefore, any testimony you hear concerning drugs you'll simply disregard completely. . . ." Wesley claims these curative instructions were insufficient and argues the jury was so prejudiced by the statement that a mistrial was required.

Even if we assume the officer's remarks, which amounted to no more than an expression of the officer's suspicions, impugned Wesley's character, we find no error. But see *Coker v. State*, 207 Ga. App. 482, 483 (2) (428 SE2d 578) (1993), in which this Court doubted that a witness had impugned an armed robbery defendant's character by

stating she called police because she was concerned the defendant was "dealing drugs" in a nearby parking lot. "The decision to give curative instructions to the jury rather than grant the mistrial request following the introduction of bad character evidence was within the discretion of the trial court and was not error. [Cit.]" *Mitchell v. State*, 222 Ga. App. 866, 868 (2) (476 SE2d 639) (1996). We find the court properly exercised its discretion by giving an appropriate curative instruction.

4. Wesley also argues the trial court improperly limited his cross-examination of the arresting officer. During direct examination, the officer testified that Wesley's eyes were "glassy and a little bloodshot" the night of his arrest. To show that Wesley's eyes "are always red and glassy," defense counsel attempted to have Wesley approach the witness stand, where he planned to ask the officer if Wesley's eyes "were similar to the way they were on the night in question." The trial court denied counsel this opportunity.

"Every party has a right to a thorough and sifting cross-examination of witnesses called against him. [Cit.] However, the [proposed] conduct of [Wesley's] counsel in this case [would have] exceeded the authorized scope of cross-examination. . . . [Wesley's] counsel in essence [attempted to] inject[ ], during the course of cross-examination, independent non-testimonial evidence on the part of [Wesley] by [displaying] a . . . portion of [Wesley's] body . . . to the jury. . . . The [proposed] act at issue [would have] conveyed evidentiary information to the jury." *State v. Battaglia*, 221 Ga. App. 283, 284 (1) (470 SE2d 755) (1996). In *Battaglia*, we determined the trial court did not err by declaring a mistrial when the defendant, who did not testify, lifted his shirt and displayed a hidden back brace to the jury. We held that "cross-examination may not be used as a vehicle to enable a party to present non-testimonial evidence without being subject to oath, or to subvert the ability of the opposing party to cross-examine the party [offering] such non-testimonial evidence." Id. Here, although Wesley's counsel had a valid interest in testing the officer's ability to describe characteristics of Wesley's eyes, the method by which defense counsel sought to do so would have allowed Wesley to give "non-testimonial" evidence without subjecting him to oath or cross-examination. Therefore, we find the trial court did not abuse its discretion by limiting this cross-examination.

5. Because Wesley challenges the sufficiency of the evidence supporting his DUI conviction, we review that evidence, and all inferences, in favor of the verdict and determine whether a rational trier of fact could have found Wesley guilty of DUI beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The evidence showed the officer stopped Wesley's truck after watching it weave back and forth across the lanes of travel. The

officer, a member of a DeKalb County police DUI unit, noticed a moderate odor of alcohol on Wesley's breath and observed his eyes were "kind of glassy and a little bloodshot." When Wesley exited his truck, the officer noticed he used the side of the vehicle for support. The officer administered several field sobriety tests, as he had been trained to do. The horizontal gaze nystagmus test revealed Wesley's eyes lacked "smooth pursuit" and exhibited a nystagmus prior to 45 degrees. Wesley also performed poorly on the "walk and turn" test, losing his balance and failing to walk "heel to toe" as instructed. A hand-held "Alco-Sensor" breath test registered positive for alcohol. The officer believed, based on these tests and on his experience and training, that Wesley was under the influence of alcohol to the extent it was less safe for him to drive. The Intoxilyzer 5000 results produced no inference of intoxication or sobriety, but were a factor to be considered by the jury in making its determination. See OCGA § 40-6-392 (b) (2); *Hall v. State*, 200 Ga. App. 585, 587 (2) (409 SE2d 221) (1991).

We find that the officer's opinion, backed by Wesley's poor performance on field sobriety tests, his demonstrably poor driving, and the evidence of his alcohol consumption, allowed the jury to determine beyond a reasonable doubt that Wesley was under the influence of alcohol to the extent he was a less safe driver. See *Parrish v. State*, 216 Ga. App. 832, 833 (2) (456 SE2d 283) (1995).

*Judgment affirmed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED SEPTEMBER 3, 1997 —

*Lee Sexton*, for appellant.

*Ralph T. Bowden, Jr., Solicitor, Michael D. Johnson, W. Cliff Howard, Assistant Solicitors*, for appellee.