## A98A0739. STEPHENS v. THE STATE.
(503 SE2d 643)

SMITH, Judge.

Willie James Stephens was convicted on one charge of burglary, OCGA § 16-7-1. His motion for new trial as amended was denied, and he appeals. We affirm.

1. We find no merit in Stephens's contention that the evidence was insufficient to convict him. Construed in favor of the jury's verdict, evidence was presented that Frank Girley, supervisor of the janitorial and custodial staff at LaGrange High School, discovered that a burglary had occurred inside the school. He stated that no windows were broken, that alarms were unarmed, and that keys had been used to gain entry. Part of a computer, a microwave oven, a digital camera, and a VCR component were missing. Stephens, who worked as a janitor in the school, was discovered later that day lying in a dazed state inside one of the classrooms. Police were summoned to the school, and Stephens made a statement confessing to stealing the school property. At trial, Stephens admitted that he took the items.

OCGA § 16-7-1 (a) provides in relevant part that one commits burglary when he or she enters or remains within a building without authority and with the intent to commit a theft therein. Although Stephens admitted to stealing the items from the school, he claimed

at trial that he did not *enter* the school with the intent to steal. Instead, his defense was that he entered it for one of several reasons: to pray; to talk with his girlfriend; to call Girley to discuss some personal problems; or to commit suicide. He also claimed that Girley had given him "the idea" that he could stay inside the school anytime. Girley testified unequivocally, however, that Stephens did not have permission to be inside the school after work hours and that he never told him he could sleep there.

Even if Stephens did not intend to steal anything from inside the school when he initially entered it, intent to steal "need not be formed at the precise moment of entry, but can be formed thereafter while the perpetrator is remaining on the premises. [Cit.]" *Hewatt v. State*, 216 Ga. App. 550, 551 (455 SE2d 104) (1995). Because Stephens took the items from the school, any jury would have been authorized to conclude that he formed the intent to steal the items sometime before he removed them. Under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), sufficient evidence was therefore presented upon which a rational trier of fact could convict Stephens of the offense of burglary.

2. Stephens contends the trial court erroneously refused to grant his motion for mistrial. The State asked its witness, Stephens's former girlfriend, whether she went inside the school with Stephens and prayed with him. She answered by stating that she had never prayed with Stephens and that they had "a violent life together." She also mentioned that he had kicked her several times in the head. Although Stephens raised an objection that the trial court sustained on the ground that the answer was unresponsive, he moved for mistrial only after both the State and he had finished examining the witness. It is well settled that a motion for mistrial must be made contemporaneously with the objectionable testimony. See, e.g., *Benjamin v. State*, 211 Ga. App. 670, 672 (440 SE2d 259) (1994). Stephens consequently failed to preserve the denial of his motion for our review. See *Wesley v. State*, 228 Ga. App. 342, 343 (2) (491 SE2d 824) (1997).

3. During cross-examination of Stephens's former girlfriend, Stephens's counsel attempted to elicit testimony that she was inside the school with Stephens on the night of the burglary. In response, the witness stated with reference to Stephens that "[h]e's always been a thief." Stephens contends that this statement placed his character in issue and that his counsel was ineffective in failing to request curative instructions or move for mistrial.

Assuming this testimony introduced evidence of bad character, we find no reversible error. To establish ineffectiveness of counsel, Stephens is required to show that his counsel's performance was deficient and that this deficiency prejudiced his defense. "Absent a showing of prejudice, no inquiry need be made into counsel's alleged defi-

ciency. [Cit.]" *Gentry v. State*, 226 Ga. App. 216, 219 (3) (485 SE2d 824) (1997). In light of the overwhelming evidence of Stephens's guilt, he has failed to make the required showing of prejudice. Id. See also *Jenkins v. State*, 224 Ga. App. 604, 605 (3) (481 SE2d 590) (1997). The trial court therefore did not err in denying Stephens's amended motion for new trial based upon ineffectiveness of counsel.

4. Stephens also complains of the trial court's failure to give his request to charge on criminal trespass. We find no reversible error. "Where the intent to steal is proved, the crime of criminal trespass . . . merges with or is included within the crime of burglary. . . . [Cits.]" *Deese v. State*, 137 Ga. App. 476, 477 (3) (224 SE2d 124) (1976). As discussed in Division 1, even if Stephens did not intend to steal anything when he initially entered the school, an intent to steal necessarily was formed at some time while he remained inside the school. The intent to steal was unquestionably proved, and the crime of criminal trespass therefore merged into that of burglary.

*Hambrick v. State*, 190 Ga. App. 119 (378 SE2d 340) (1989), relied upon by Stephens, is distinguishable. The defendant in *Hambrick* was discovered inside a store, but the evidence did "not establish without dispute that a burglary occurred." Id. at 119-120. The defendant testified he was inside the store only to find food in the trash can, which would not have constituted a violation of any property right. Id. at 120. In this case, the evidence shows that a burglary did occur; Stephens admitted stealing the items from inside the school.

But even if the charge should have been given, we find no reversible error. Given the overwhelming evidence against Stephens, specifically his confession that he stole the property from the school, it is highly probable that the failure to give the requested charge did not contribute to the verdict. See *Edwards v. State*, 264 Ga. 131, 133 (442 SE2d 444) (1994).

*Judgment affirmed. Birdsong, P. J., and Johnson, J., concur.*

DECIDED JUNE 3, 1998.

*Alfred F. Zachry*, for appellant.

*Peter J. Skandalakis, District Attorney, Monique F. Kirby, Todd A. Orston, Assistant District Attorneys*, for appellee.