A98A1326. SWEENEY v. THE STATE.
(506 SE2d 150)

POPE, Presiding Judge.

Patrick Sweeney was indicted for burglary, aggravated assault, aggravated sodomy, attempted rape and impersonating a police officer. He denied the charges and the case was tried before a jury. The jury found Sweeney guilty of attempted rape and impersonating a police officer, but not guilty of the other charges. The trial court sentenced Sweeney to two years in prison. Sweeney appeals from the court's denial of his motion for a new trial.

1. Sweeney's challenge to the sufficiency of the evidence supporting the verdict is without merit. The state presented the following evidence at trial: In October 1995 Shari Anduze ended a three-year relationship with Sweeney. Sweeney was upset about the end of the relationship and, on November 14, 1995, he repeatedly tried to contact Anduze by telephone, but was unsuccessful. He learned from a friend that Anduze might be with her co-worker Gary Davis. So at approximately 2:00 a.m., on November 15, Sweeney went to Davis' apartment in search of Anduze. When Davis answered his apartment door, Sweeney identified himself as a police officer, showed Davis a police badge and demanded to see Anduze. Sweeney had previously worked as a police officer at Kennesaw State University and for Fulton County, but had resigned from both positions prior to November 1995. The badge he showed to Davis was one that he had failed to turn in after resigning as a Kennesaw officer. When Davis refused

Sweeney's demand to enter the apartment and see Anduze, Sweeney forced his way inside and fought with Davis. Eventually Sweeney coerced Anduze into leaving the apartment with him so they could discuss their relationship. After talking with Sweeney, Anduze went home.

During the evening of November 15 Sweeney called Anduze, they argued and she hung up the phone on him. He called her again at approximately 12:30 a.m., on November 16. They had another argument during which Sweeney asked Anduze if she was going to have sex with him one last time. Anduze ended the phone conversation and went to sleep on her couch. A short time later, Sweeney used a key to enter Anduze's house, where he attacked her on the couch. As Anduze struggled, Sweeney put handcuffs on her, dragged her to the floor, pulled off her pants and underpants, removed his own clothes, pointed a pistol at her and threatened to rape her. Anduze told Sweeney that she was menstruating and he let her go to the bathroom. When Sweeney left her alone, Anduze ran from the bathroom, activated the alarm system and called a 911 emergency operator. She then jumped out a window and, as she hid, heard Sweeney drive away in his car.

The police, in response to the 911 call, arrived to find Anduze outside her house in handcuffs. She told the police about the attack, identified Sweeney as her attacker, and described his clothing and car. Police officers testified that on the way to Anduze's house they passed a car, coming from the opposite direction, that matched the description of Sweeney's car. The police later went to Sweeney's apartment. Near Sweeney's car they found a pair of men's underpants like those Anduze said Sweeney had worn, and removed, when he attacked her. The officers found Sweeney inside his apartment. He was wearing the pants described by Anduze, but was not wearing underwear. Sweeney told the police he had not left the apartment that night.

In his own defense, Sweeney admitted that at 2:00 a.m., on November 15 he went to Davis' apartment and said he was a police officer, but denied that he showed Davis a badge. Sweeney also denied that he attacked Anduze at her house in the early morning of November 16. He testified that he was at his apartment at the time of the attack. Several other witnesses corroborated his story.

On appeal, Sweeney is no longer presumed innocent and we must view the evidence in the light most favorable to the verdict. See *Walker v. State*, 225 Ga. App. 19, 20 (482 SE2d 515) (1997). Viewing the evidence in that light, we find that a rational trier of fact could have found Sweeney guilty beyond a reasonable doubt of attempted rape (OCGA §§ 16-4-1; 16-6-1) and impersonating a police officer (OCGA § 16-10-23). *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61

LE2d 560) (1979); *Lumsden v. State*, 222 Ga. App. 635, 637-638 (4) (475 SE2d 681) (1996); *Williams v. State*, 178 Ga. App. 80, 81 (342 SE2d 18) (1986).

2. Sweeney argues the court erred in denying his motion to sever the impersonating an officer charge from the other charges. We must review a denial of severance under an abuse of discretion standard. Offenses may be tried together if they are based on the same conduct or constitute a series of acts connected together or constitute part of a single scheme or plan. It is not an abuse of discretion for a judge to refuse a motion to sever multiple charges where the crimes alleged were part of a continuous transaction conducted over a relatively short time. *Lane v. State*, 210 Ga. App. 738, 739 (1) (437 SE2d 479) (1993). In the current case, the impersonating an officer charge and the charges based on the attack of Anduze the following day were a closely connected series of acts committed by Sweeney as he pursued Anduze after the end of their relationship. See *Hooper v. State*, 223 Ga. App. 515, 516 (1) (478 SE2d 606) (1996). Under these circumstances, the trial court did not abuse its discretion in denying Sweeney's motion to sever. *Swinney v. State*, 217 Ga. App. 657, 659 (2) (458 SE2d 686) (1995).

3. Sweeney claims the trial court erroneously refused to grant a mistrial after the state placed his character in issue by introducing testimony that he threatened to kill Davis. This claim is without merit. Immediately after the testimony was given the court sustained Sweeney's objection to it, excluded it and instructed the jury to disregard it. The decision to exclude objectionable testimony and give a curative instruction, rather than grant a mistrial, was within the court's discretion. See *Wesley v. State*, 228 Ga. App. 342, 344 (3) (491 SE2d 824) (1997). "Because the trial court acted immediately, ruled out the offensive testimony, and properly instructed the jury to disregard the statement . . . we find no abuse of discretion in denying the motion for mistrial. [Cit.]" *McGee v. State*, 267 Ga. 560, 565 (3) (480 SE2d 577) (1997).

4. Sweeney argues the court erred in allowing a state witness to testify that Sweeney had once tried to pressure a woman into having sex with him. The state presented the witness, the chief of the Kennesaw State University police, to testify about when Sweeney left his job as a Kennesaw police officer. On cross-examination, Sweeney's lawyer asked the witness if there had been a problem with Sweeney before he left, to which the witness replied that Sweeney had resigned of his own free will. The state then followed-up that matter on its re-direct examination of the witness by asking if there had in fact been any problems. The witness explained that there had been a complaint that Sweeney had put pressure on a female student to sleep with him. Sweeney raised no objection to the prosecutor's ques-

tion or the witness' answer. The prosecutor continued to question the witness without objection, after which Sweeney's lawyer again cross-examined the witness. Subsequently, Sweeney's lawyer moved for a mistrial on the basis of the witness' re-direct testimony that Sweeney tried to pressure the woman into having sex.

" 'By failing to object contemporaneously with the testimony, and by proceeding to cross-examine the witness, trial counsel waived the error.' [Cit.]" *Smith v. State*, 180 Ga. App. 422, 424 (1) (349 SE2d 279) (1986). " 'A motion for mistrial not made at the time the testimony objected to is given is not timely and will be considered as waived because of the delay in making it. [Cits.]' " *Worley v. State*, 201 Ga. App. 704, 705 (2) (411 SE2d 760) (1991). Sweeney's failure to object to the testimony at the time it was given and his delayed motion for a mistrial waived any error. See *Merritt v. State*, 255 Ga. 459, 460 (2) (339 SE2d 594) (1986).

Even if the issue were not waived, it presents no ground for reversal because Sweeney's own conduct led to the introduction of the testimony he now challenges. "It is well established that one cannot complain of a ruling that his own trial tactics or conduct procured or aided in causing." (Citation and punctuation omitted.) *Franklin v. State*, 224 Ga. App. 578, 581 (4) (481 SE2d 852) (1997). Here, Sweeney initially raised the topic of problems he had before leaving his position as a Kennesaw officer, and the state was thereafter authorized to explore the topic on its re-direct examination of the witness. "We find that the State's question was not improper in light of the fact that defense counsel had opened the door to this line of inquiry. [Cits.]" *Brown v. State*, 175 Ga. App. 246, 248 (3) (333 SE2d 124) (1985).

5. Sweeney complains that pursuant to *Belt v. State*, 227 Ga. App. 425 (1) (489 SE2d 157) (1997), the trial court should have given a limiting instruction at the time the state introduced the similar transaction evidence that Sweeney had pressured a woman to have sex with him. Contrary to Sweeney's complaint, the testimony in question was not similar transaction evidence introduced by the state after the requisite preliminary hearing, but was evidence elicited on re-direct questioning by the prosecutor after Sweeney himself opened the door to the topic of problems he had before resigning as a Kennesaw officer. Consequently, the holding in *Belt*, that it is incumbent on the court to charge the jury on the limited purpose of similar transaction evidence admitted pursuant to the requisite preliminary hearing, does not apply to this case. Sweeney thus has not shown any error.

6. Sweeney contends the court's exclusion of evidence that the victim had recorded a phone-sex tape violated his right to confront witnesses against him. This contention is without merit because the

court properly excluded the tape under the Rape Shield Statute. That statute bars evidence relating to the past sexual behavior of the complaining witness unless the evidence "supports an inference that the accused could have reasonably believed that the complaining witness consented to the conduct complained of in the prosecution." OCGA § 24-2-3 (a), (b). Here, evidence of a prior sex tape made by the victim does not support an inference that Sweeney could have reasonably believed the victim consented to the attempted sexual intercourse. See *Martin v. State*, 219 Ga. App. 277, 281 (3) (464 SE2d 872) (1995). In fact, Sweeney's defense was not that of consent; rather, his defense was that the attempted rape never happened and the victim fabricated the entire incident in response to his alleged threat to reveal her sexual activities, including the phone-sex tape, to other people. Because there is no claim of the victim's consent, the trial court correctly ruled that the Rape Shield Statute barred evidence of the sex tape.

In support of his contention that exclusion of this evidence violated his right to confront witnesses against him, Sweeney relies on *Olden v. Kentucky*, 488 U. S. 227 (109 SC 480, 102 LE2d 513) (1988). His reliance on *Olden* is misplaced. "In *Olden*, a sexual assault case, the United States Supreme Court held that restricting cross-examination of the victim regarding her cohabitation with a third party violated the accused's Sixth Amendment right to confront witnesses, and it was not harmless error. There . . . the accused relied upon a defense that the victim had consented to sex. When the defense to a charge of sexual assault is built upon a theory that the alleged victim lied in accusing him in order to protect her relationship with another man, it is easily seen that evidence of the victim's relationship or cohabitation with that other man is a crucial fact for the jury's consideration. It supports the defense theory by placing before the jury a strong motivation for the victim to lie." *Murray v. State*, 219 Ga. App. 405, 406-407 (465 SE2d 515) (1995). Because Sweeney's defense was not that the victim consented to sex and then lied to cover it up because of her relationship with another man, *Olden* is inapposite to the instant case. Moreover, unlike the defendant in *Olden*, Sweeney was allowed to present evidence in support of his theory that Anduze's motive for lying was his threat to expose her sexual activities. The court's refusal to admit the tape did not hinder his defense theory.

"The admission of evidence at trial is within the discretion of the trial court. Although each party is entitled to a thorough and sifting cross-examination, that right is not unfettered. The trial court may, in its discretion, restrict the scope of cross examination to the relevant issues. [Cits.] The court's discretion will not be interfered with on appeal unless an abuse is present. [Cit.]" *Murray v. State*, 219 Ga.

App. at 407. The trial court in the present case did not abuse its discretion in concluding that evidence of the tape was inadmissible.

7. Sweeney asserts the trial court erred in denying his motion for a mistrial based on the prosecutor's improper closing argument comment upon his right to remain silent. Sweeney's assertion misconstrues the prosecutor's argument. The prosecutor noted that Sweeney's statement to police on the morning Anduze was attacked did not include several claims that he made during his trial testimony. This was not an impermissible comment on Sweeney's right to remain silent, because the evidence shows he did not remain silent. He made differing statements before and during trial, and such different statements have always been an appropriate and sometimes vital subject of inquiry and impeachment. See *Brown v. State*, 167 Ga. App. 61, 63-64 (4) (305 SE2d 870) (1983); *Watkins v. State*, 160 Ga. App. 9, 11-12 (5) (285 SE2d 758) (1981). The court therefore did not err in denying the motion for a mistrial.

Moreover, after denying the motion for a mistrial, the court offered to give curative instructions, but Sweeney declined the offer. Sweeney's refusal of the offer of curative instructions made it impossible for the trial court to repair any alleged prejudice and waived the grounds to assert mistrial error on appeal. See *Tate v. State*, 230 Ga. App. 186, 189 (4) (495 SE2d 658) (1998).

*Judgment affirmed. Beasley and Ruffin, JJ., concur.*

DECIDED AUGUST 13, 1998.

*Stephen A. Delaney*, for appellant.

*Benjamin F. Smith, Jr.*, District Attorney, *Ann B. Harris, Debra H. Bernes, Nancy I. Jordan*, Assistant District Attorneys, for appellee.