*James A. Henderson,* for appellee.

## 63747. WILLIS v. THE STATE.

BIRDSONG, Judge.

Appellant appeals from a conviction for burglary. The evidence shows the owner of a clothing store, The Expression Shop, received a call while playing golf that the alarm had gone off at his store and, after going home and getting his keys and a gun, he and two companions went to the store. They heard a noise upstairs and, on investigation, found appellant on the second floor sitting in a chair. He had entered the building by climbing a drain pipe and turning the latch inside a broken window. The appellant had been drinking for several days and did not appear or act normal. When the owner asked appellant what he was doing there, appellant stated, "I got to have a change of clothes," or "I've been trying to get me a change of clothes." The owner said, "Yeah, but do you realize that you're in the wrong place?" and the appellant replied, "Yeah, man. But I've got to have me a change of clothes." Appellant then asked if the police were downstairs and, to protect himself, the owner said yes. When the owner left the room to call the police, appellant fled. Appellant enumerates four errors below. *Held:*

1. The verdict is not contrary to the evidence, but is such that a reasonable trier of fact could rationally find therefrom proof of guilt beyond a reasonable doubt. *Turner v. State,* 151 Ga. App. 169, 170 (259 SE2d 171).

2. Appellant contends the trial court erred in charging: "That the acts of a person of sound mind and discretion are presumed to be the product of the person's will, but that presumption may be rebutted. A person of sound [mind] and discretion is presumed to intend the natural and probable consequences of his acts, but that presumption may also be rebutted." Appellant contends the Supreme Court in *Hosch v. State,* 246 Ga. 417 (3) (271 SE2d 817) expressly disapproved this charge. Appellant is mistaken. What *Hosch* disapproved was a failure to instruct that the presumption could be rebutted; *Hosch* held that where the charge instructs that the presumption is rebuttable and instructs as to the presumption of innocence, burden of proof and reasonable doubt and intent as a jury question, "the jury could not have interpreted the charge as shifting the burden of persuasion to the defendant." *Hosch,* p. 420. The charge in this case did so and was not reversible error under *Hosch.*

3. Appellant contends the trial court erred in charging that "one voluntarily intoxicated is presumed like any other person to intend the legitimate consequences of his acts," without charging that this presumption could be rebutted. See Division 2, infra; the charge in this case defined voluntary and involuntary intoxication and explained that a person shall not be found guilty of a crime committed while he is involuntarily intoxicated and lacking sufficient capacity to distinguish between right and wrong, and further explained that voluntary intoxication is not an excuse for a criminal act, "but one voluntarily intoxicated is presumed like any other person to intend the legitimate consequences of his act." The trial court thus properly explained that one voluntarily intoxicated was on the same footing as any other person with regard to the presumption of intent for the consequences of his acts, the rebuttability of which had already been charged, as had the presumption of innocence, burden of proof on the state, benefit of reasonable doubt, and criminal intent as a jury question. We find no reversible error. *Hosch,* supra.

4. The trial court did not commit reversible error in failing to charge criminal trespass as a lesser included offense of burglary, absent a written request. *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354). Moreover, the charge of criminal trespass was not authorized in this case. The appellant did not deny that circumstances occurred as the store owner described, nor that he went into the store to get a change of clothes. He merely contended that he does not remember the incident at all because he was so drunk. His defense was thus his intoxicated state, which the jury was authorized beyond a reasonable doubt to conclude was voluntary. If the jury had believed appellant's intoxication was involuntary, he would not be guilty of any crime. There was no evidence authorizing a finding of criminal trespass in this case, since the appellant's testimony, if believed, would not render him guilty of a lesser offense. See *Huffman v. State,* 153 Ga. App. 203 (2) (265 SE2d 603). The evidence authorized a finding of burglary or nothing. See, in this connection, *Lemon v. State,* 161 Ga. App. 692 (3) (289 SE2d 789).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED MAY 24, 1982.

*Randall P. Harrison,* for appellant.

*Willis B. Sparks III, District Attorney, Thomas J. Matthews, Assistant District Attorney,* for appellee.