## 67911. RAYMOND v. THE STATE.

BIRDSONG, Judge.
Ricky Raymond a/k/a Alonzo Arnold was convicted of burglary and sentenced to serve twenty years. He brings this appeal enumerating essentially two alleged errors. *Held:*

1. In his first three enumerations, appellant raises the general grounds. The evidence shows that a police officer received a report of a prowler in a private residence. Upon arriving at the house, the officer observed a broken window on the front porch. He went around the side of the house and observed a pair of legs evacuating through a side window. The officer warned that there was a large dog in the yard and the person withdrew into the house. Eventually, a person wearing the same clothes was removed from inside the house and taken into custody, that person being the appellant Arnold. Further investigation disclosed that the front window had been shattered but shards apparently remained in the frame. Approximately 14 of these shards were pulled from the frame and fingerprints were found on one or both sides of all but two of these shards. These fingerprints matched known fingerprints of appellant Arnold. Inside the house were found a hammer and a crowbar and a damaged cash box lying beside the tools.

Appellant offered as his sole defense that he was a drug abuser and had taken a number of quaaludes that morning and drunk some wine. He was feeling strange, almost incapacitated and had gone upon the porch of the house where he was arrested in order to seek permission to call a cab to take him home. He knocked on the door and possibly a window but never entered the house. He claimed to have been arrested while still on the front porch.

The evidence, while in conflict, compellingly supports the jury's verdict of guilty. We must conclude that any rational trier of fact could find beyond reasonable doubt appellant's guilt. *Baldwin v. State*, 153 Ga. App. 35, 37 (264 SE2d 528).

2. In his second enumeration of error, appellant complains the trial court erred in failing to give a requested charge on criminal trespass, appellant's only defense. Appellant reasonably argues that criminal trespass is a lesser offense to the crime of burglary and that he had no authority to be on the victim's front porch. However, that is not the substance of his sworn testimony. Arnold (Raymond) testified that he went to the front porch for the purpose of seeking help for a temporary disability. The front porch was deliberately left unsecure by the victim to allow the postman access to the mailbox, thus there was no necessity for appellant to force entry. His evidence therefore raised at worst a legal presence without an unlawful intent. That conduct does not raise an issue of criminal trespass, which crime requires an unlawful intent. OCGA § 16-7-21. See *Williamson v. State*, 134 Ga. App. 583 (215 SE2d 518).

In this case the evidence reasonably established for the jury that appellant went upon the victim's front porch either for a lawful purpose, or broke a window and entered the house with the intent to commit a theft therein (the act we find sustained by the evidence).

With only those two possibilities raised by the evidence, there was no evidence to raise or require an instruction on the lesser offense of criminal trespass. *Deese v. State*, 137 Ga. App. 476, 477 (3) (224 SE2d 124). See also *Tuggle v. State*, 149 Ga. App. 844, 846 (7) (256 SE2d 104) applying the principle that one cannot claim a wholly innocent act yet admit partial guilt to a lesser crime. We find no merit to this enumeration.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED APRIL 10, 1984.

*Christine A. Van Dross*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Carole E. Wall, Assistant District Attorneys*, for appellee.