## A96A1250. ECHOLS v. THE STATE.
(474 SE2d 766)

POPE, Presiding Judge.

Defendant Bobby Echols was convicted by a jury of burglary. The evidence was sufficient to support defendant's burglary conviction. But the evidence also could have supported a conviction for the lesser offense of criminal trespass. Thus, the trial court erred in denying defendant's timely written request to charge the jury on this lesser offense. See *State v. Alvarado*, 260 Ga. 563 (397 SE2d 550) (1990). We therefore reverse the conviction and remand for a new trial.

The State alleged in the indictment that defendant committed burglary by breaking into a church building with the intent to commit theft. To prove its case, the State presented testimony that an officer responded to a silent alarm at a church building at about 4:45 one morning. When he arrived, he saw a man standing on the porch of the building near an open doorway. The man was not wearing a shirt, but had a cloth item in one hand. He hurried off the porch and ran behind the building, but officers soon found the man lying in nearby bushes, still not wearing a shirt. The man — whom the officer identified as defendant at trial — appeared moderately intoxicated but coherent.

At the church, the officer discovered that nothing had been taken, though a window pane and two burglar alarm panels had been damaged. The intruder had apparently kicked in a window pane on a door and then had reached in to open it. The officer testified that he observed a footprint on a piece of broken glass from the pane which matched the tennis shoes defendant was wearing. The print must have been from water which dried, however, because forensics officers were unable to find it later.

Defendant gave a statement in which he did not deny breaking into the church, but said he was drunk and did not remember what he did or why.

1. Viewing this evidence in a light favorable to the verdict, it was sufficient to enable rational jurors to infer that defendant broke into the church with the intent to commit theft, and thus to find defend-

ant guilty of burglary beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Almond v. State*, 152 Ga. App. 661 (263 SE2d 533) (1979).

2. Defendant filed a timely written request that the court charge the jury on criminal trespass as well: "A person commits the offense of criminal trespass when he knowingly and without authority . . . [e]nters upon the land or premises of another person . . . for an unlawful purpose." OCGA § 16-7-21 (b) (1). Although the jurors were authorized to infer from the evidence that defendant broke into the church to commit theft, they also could have inferred from the evidence that defendant broke in to find a place to sleep, or for some other reason not involving theft. If so, they could have found him not guilty of burglary as charged in the indictment, but guilty of the lesser offense of criminal trespass. See *Hambrick v. State*, 190 Ga. App. 119 (1) (378 SE2d 340) (1989). Accordingly, the trial court erred in denying defendant's written request to charge on criminal trespass, and this error requires reversal. See *Alvarado*, 260 Ga. at 564.

Citing *Lowe v. State*, 179 Ga. App. 377 (1) (346 SE2d 845) (1986) and *Raymond v. State*, 170 Ga. App. 676, 677 (2) (318 SE2d 71) (1984), the State argues that a charge on criminal trespass need not be given for a defendant charged with burglary. But in these cases, a burglary/theft had clearly occurred, and the defendants denied that they had done it. Here, on the other hand, defendant does not deny that he entered the premises, but since there was no theft, it is unclear why he did so. Under these circumstances, the charge on criminal trespass should have been given.[1]

The State points out that the charge actually requested by defendant included words of the statute omitted in the quote above: "or into any part of any vehicle, railroad car, aircraft, or watercraft of another person." Because this phrase is not applicable to this case, the State asserts that its inclusion in the requested charge rendered the whole charge incorrect and confusing, thus excusing the trial court's failure to give it. The inclusion of extraneous statutory language which is inapplicable but nonetheless would not confuse a reasonable juror does not render a charge incorrect, however, and the inapplicable language would not have confused a reasonable juror in this case. The State's reliance on *Vaughan v. State*, 210 Ga. App. 381, 384 (4) (a) (436 SE2d 19) (1993) is misplaced, as the extraneous language in defendant's request in that case — unlike the request here — included OCGA § 16-7-21 (a) (causing property damage of less than $500) as well as subsection (b) (1) (entry upon property of

---

[1] *Willis v. State*, 162 Ga. App. 420, 421 (4) (291 SE2d 736) (1982) is distinguishable for two reasons: in that case there was no written request to charge on criminal trespass, and the defendant admitted to the victim that he broke in to take some clothes.

another for unlawful purpose); and since there was evidence of property damage but no evidence of the amount of damage, the extra language in *Vaughan* could have easily confused a reasonable juror.

*Judgment reversed. Andrews and Smith, JJ., concur.*

DECIDED AUGUST 23, 1996 — 

*Debra G. McDonald*, for appellant.

*Harry N. Gordon, District Attorney, Gerald W. Brown, Assistant District Attorney*, for appellee.