## A00A1289. HILEY v. THE STATE.
### (539 SE2d 530)

Ellington, Judge.

A Muscogee County jury convicted Willie Darrell Hiley of burglary, OCGA § 16-7-1. Following the denial of his motion for new trial, Hiley appeals, asserting the general grounds and contending that the trial court erred in refusing to give his requested jury charge on the lesser included offense of criminal trespass, OCGA § 16-7-21 (b) (1). We find that the law and the evidence required that the jury be instructed on criminal trespass and, therefore, reverse.

"[A] written request to charge a lesser included offense must always be given if there is any evidence that the defendant is guilty of the lesser included offense." *State v. Alvarado*, 260 Ga. 563, 564 (397 SE2d 550) (1990). Criminal trespass is a lesser included offense of burglary. *Johnson v. State*, 164 Ga. App. 429-430 (1) (296 SE2d 775) (1982). To convict on a charge of burglary, the state must prove the defendant entered or remained within the premises of another without authority and "with the intent to commit a felony or theft therein." OCGA § 16-7-1 (a). To convict on a charge of criminal trespass, the state must prove that the defendant "knowingly and without authority" entered upon the premises of another "for an unlawful purpose." OCGA § 16-7-21 (b) (1).

We have held that the trial court must give a requested charge on criminal trespass as a lesser included offense of burglary where the testimony of the accused "if believed, would negate an element of the crime of burglary (entry with intent to commit a felony or theft)." *Huffman v. State*, 153 Ga. App. 203 (2) (265 SE2d 603) (1980). Specifically, where the accused admits the unauthorized entry but denies the intent to commit a felony or theft, the trial court must give a requested charge on the lesser included offense of criminal trespass. *Echols v. State*, 222 Ga. App. 598, 599 (2) (474 SE2d 766) (1996) (defendant claimed he was looking for a place to sleep); *Hambrick v. State*, 190 Ga. App. 119-120 (1) (378 SE2d 340) (1989) (defendant claimed he was looking for discarded food in a trash can); *Huffman*, 153 Ga. App. at 203 (defendant claimed he was looking for a person

he thought was hiding in the building). Cf. *Johnson*, 164 Ga. App. at 429-430 (1) (a criminal trespass charge was not required where a defendant accused of burglary denied any involvement in the crime and attacked the state's identification evidence and presented an alibi defense).

In this case, Hiley presented evidence that he went into the premises, a vacant house near his residence, to help turn on the heat at the request of a homeless acquaintance who planned to sleep there. He denied any intent to commit a theft or other felony. Hiley submitted a written request to charge on the lesser included offense of criminal trespass. The trial court refused to give that charge, finding the evidence did not support a finding of an unlawful purpose. Hiley timely objected to the trial court's failure to give the charge.

Although the jury was authorized to infer from the evidence that Hiley entered the vacant house to commit theft,[1] it also could have inferred from the evidence that Hiley entered the house for some unlawful purpose other than theft. For example, the jury could have found Hiley entered the house with the intent to loiter there and visit with his acquaintance. See OCGA § 16-11-36.

> If so, they could have found him not guilty of burglary as charged in the indictment, but guilty of the lesser offense of criminal trespass. Accordingly, the trial court erred in denying [Hiley's] written request to charge on criminal trespass, and this error requires reversal.

(Citation omitted.) *Echols v. State*, 222 Ga. App. at 599 (2).
*Judgment reversed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED SEPTEMBER 14, 2000.

*Hagler, Hyles, Adams & Hix, Clark C. Adams, Jr.*, for appellant.
*J. Gray Conger, District Attorney, Margaret E. Bagley, Assistant District Attorney*, for appellee.

---

[1] See *Phillips v. State*, 204 Ga. App. 698, 702-703 (3) (420 SE2d 316) (1992) (intent to commit theft was shown by admission defendant "was taking and using electricity in the apartment to heat the stove burners to dry his clothing"); *Howard v. State*, 227 Ga. App. 5, 8 (6) (b) (488 SE2d 489) (1997) (intent to commit theft can be inferred from the presence of valuables).