**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER, and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

June 19, 2013

# In the Court of Appeals of Georgia

A13A0108. DILLARD v. THE STATE.

BARNES, Presiding Judge.

A jury convicted Leroy Dillard of burglary and criminal attempt to commit burglary, and the trial court sentenced him to 20 years in confinement followed by 10 years on probation. He appeals, contending that the evidence was insufficient; that his trial counsel was ineffective for failing to request a charge on criminal trespass; and that the trial court erred in excluding his expert witness, who would have testified about the difference between passing out and blacking out from drinking. For the reasons that follow, we affirm.

When evaluating the sufficiency of evidence, the proper standard for review is whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307 (99 SCt 2781, 61 LE2d 560) (1979). This Court does not

reweigh evidence or resolve conflicts in testimony; instead, evidence is reviewed in a light most favorable to the verdict, with deference to the jury's assessment of the weight and credibility of the evidence.

(Citations omitted.) *Benbow v. State*, 288 Ga. 192, 192-193 (702 SE2d 180) (2010).

So viewed, the first victim testified that she woke from a loud noise and found Dillard standing in her living room. He was standing in front of her 42-inch plasma TV, which was on the floor and had been disconnected from the DVD player, satellite dish, and PlayStation. She yelled at him and woke her adult son. Dillard ran toward the back bedrooms and the son began grappling with him. The son testified that Dillard punched him in the face during the struggle, but he ultimately forced Dillard out of the house and saw him jog away.

The second victim, who lived nearby, heard loud banging outside his house and turned on his floodlights, which revealed Dillard at the back door. Dillard ran away, and the victim discovered that the screen in his garage window had been removed and his gate had been opened.

At trial, Dillard testified that he had not drunk alcohol for ten years, but fell off the wagon when he ran into some friends at a mall and went with them to their brother's house for a birthday cookout. He and the two men stayed overnight in the

2

brother's basement recreation room, which had no bathroom. The brother advised the men to go outside if they had to relieve themselves. Dillard testified that after he went to sleep, his next recollection was bumping into a television and knocking it over. He tried to put it back but it was too heavy to lift, then heard someone screaming at him to get out and realized he was not at the brother's house. He could not find his way out and did not know why someone was hitting him. Someone pushed him out the door and he still did not know where he was and was trying to find the brother's house when he was arrested. He did not recall trying to get into the second house.

1. Dillard argues that the circumstantial evidence of his intent when he entered the first victim's house reasonably supported the hypothesis that he wandered into the wrong place while intoxicated. While witnesses testified that the wires to the television had been "disconnected" from several devices, no evidence excluded the possibility that the wires had been pulled out after Dillard knocked over the television, and that therefore the evidence against him on the burglary and attempted burglary charges was insufficient.

Burglary is a specific intent crime – the State must prove that the defendant intended to commit a felony after making an unauthorized entry. *Bogan v. State*, 177 Ga. App. 614, 617 (2) (340 SE2d 256) (1986). "Generally speaking, in a burglary trial

3

a jury must, of necessity, find intent to commit a felony on the basis of circumstantial evidence." *Jackson v. State*, 270 Ga. 494, 496 (1) (512 SE2d 241) (1999). To sustain a conviction based on circumstantial evidence, the facts must be consistent with guilt and exclude every other reasonable hypothesis but guilt, OCGA § 24-4-6.

While voluntary intoxication does not excuse a criminal act, OCGA § 16-3-4 (c), Dillard argues correctly that evidence of intoxication can disprove the hypothesis of specific intent based on circumstantial evidence. See *Ely v. State*, 159 Ga. App. 693 (285 SE2d 66) (1981) (evidence sufficient for jury to find defendant capable of forming specific intent to commit crimes despite conflicting evidence of intoxication). Whether the evidence disproves the hypothesis of specific intent or not, however, is a jury question, *Connor v. State*, 268 Ga. 656, 657 (1) (492 SE2d 669) (1997), and this jury decided that in this case evidence of intoxication did not disprove intent. In addition to testimony about the television wires having been disconnected from various devices, one witness testified that the television was sitting upright on the floor, not face-down, despite Dillard's testimony that he had knocked it off its stand. This evidence was sufficient to enable a rational fact-finder to find Dillard guilty of burglary.

As to the attempted burglary, the second victim testified that after he woke and saw Dillard outside, he found the screen to an open window on the hood of his car and a piece of carpet he had left in the window sill for his cat to sit on was in his yard. "A person commits the offense of criminal attempt when, with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime." OCGA § 16-4-1. The jury could have found that Dillard removed the screen in an attempt to gain entrance into the house, and thus the evidence was sufficient to sustain the attempted burglary conviction.

2. Dillard contends that his trial counsel was ineffective for failing to request a charge on criminal trespass as a lesser included offense of burglary. Ineffective assistance is a "deficient performance" by counsel resulting in "actual prejudice." *Head v. Hill*, 277 Ga. 255, 266 (VI) (587 SE2d 613) (2003). Both offenses require the State to prove unauthorized entry, but burglary also requires proof that entry was made "with the intent to commit a felony or theft" and criminal trespass requires proof of entry "for an unlawful purpose." OCGA §§ 16-7-1 (b), 16-7-21 (b) (1).

Criminal trespass *may be* a lesser included offense of burglary, but it is not necessarily one. Absent evidence that a defendant made an unauthorized entry for an unlawful purpose other than to commit a theft or felony, a charge on criminal trespass

is unwarranted. *Moore v. State*, 280 Ga. App. 894, 898 (6) (c) (635 SE2d 253) (2006) (charge not required where evidence showed defendant was present either for a lawful purpose or with intent to commit theft); *Sanders v. State*, 293 Ga. App. 534, 536 (2) (a) (667 SE2d 396) (2008).(charge not required where evidence showed defendant was present either to perform electrical repairs or with intent to commit theft or felony).

While this court has stated without reservation that criminal trespass *is* a lesser-included offense of burglary, the facts in those cases would allow a jury to infer that the defendant made an unauthorized entry for some unlawful purpose other than a felony or theft. For example, in *Waldrop v. State*, 300 Ga. App. 281, 284-285 (3) (684 SE2d 417) (2009), we quoted *Hiley v. State*, 245 Ga. App. 900 (539 SE2d 530) (2000), for the proposition that "the trial court must give a requested charge on criminal trespass as a lesser included offense of burglary where the testimony of the accused if believed, would negate an element of the crime of burglary (entry with intent to commit a felony or theft)." In both *Waldrop* and *Hiley*, however, we further held that the jury could have inferred from the evidence that the defendant entered the house for an unlawful purpose, such as loitering, and that therefore the trial court

erred in declining to give a requested charge on trespass. *Waldrop*, 300 Ga. App. at 285 (1); *Hiley*, 245 Ga. App. at 901.

Under the facts of this case, however, a charge on criminal trespass would not have been warranted. While Dillard admitted that his entry into the first residence was unauthorized, under his version of events he did not enter for an unlawful purpose, but simply wandered into the wrong house thinking he was staying there. "[T]he evidence showed that appellant harbored either the unlawful purpose of committing theft or the lawful purpose of [going back to sleep in a friend's house]. With only these two possibilities raised by the evidence," a charge on criminal trespass would not have been warranted. *Darden v. State*, 165 Ga. App. 739, 741 (3) (302 SE2d 425) (1983), disapproved on other grounds in *Carter v. State*, 238 Ga. App. 632, 634 (2) (519 SE2d 717) (1999). "Where the evidence shows either the commission of the offense charged in the indictment, or the commission of no offense at all, the trial court is not required to charge the jury on a lesser included offense." (Citation and punctuation omitted.) *Anthony v. State*, 317 Ga. App. 807, 812 (3) (732 SE2d 845) (2012).

As the trial court would not have been authorized to charge the jury on criminal trespass as a lesser included offense of burglary, it logically follows that Dillard

cannot show that his trial counsel's failure to request such a charge was ineffective. *Boatright v. State*, 289 Ga. 597, 602 (8) (713 SE2d 829) (2011).

3. Finally, Dillard contends that the trial court erred in sustaining the State's objection to testimony from Dillard's proffered expert witness on relevancy grounds. Dillard sought to call a licensed professional counselor focused on addiction to testify about alcoholic blackouts, "not for the purposes of showing intent or lack of intent, but for the purpose that it would help the jury understand that a person in a blackout condition still maintains their motor functions . . . [and] to educate the jury."

"The admissibility of expert testimony is a matter within the trial court's sound discretion. We will not reverse the trial court's ruling on such evidence absent an abuse of that discretion." (Citation and punctuation omitted.) *Lott v. State*, 281 Ga. App. 373, 375 (3) (636 SE2d 102) (2006).

In this case, evidence that Dillard might have been walking around in an alcoholic blackout could only have been relevant to whether he had formed the specific intent to commit a felony or theft when he entered or attempted to enter the victims' houses. His trial counsel specifically stated that the expert was not being offered to address the issue of intent, however, and therefore the expert's testimony was not relevant to Dillard's defense. *Bryant v. State*, 271 Ga. 99, 101 (3) (515 SE2d

836) (1999). Consequently, the trial court did not err in sustaining the State's objection to the expert testimony.

*Judgment affirmed. Miller and Ray, JJ., concur.*