**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

June 7, 2016

# In the Court of Appeals of Georgia

A16A0587. DANIEL v. THE STATE.

McFADDEN, Judge.

After a jury trial, Desmond Daniel was convicted of burglary. He appeals, challenging the sufficiency of the evidence, the lack of a jury charge on trespass as a lesser offense, and the effectiveness of his trial counsel. However, there was sufficient evidence to support the verdict, there was no evidence to authorize a jury charge on trespass as a lesser offense, and there has been no showing that trial counsel's performance was both deficient and prejudicial. Accordingly, we affirm.

1. *Sufficiency of the evidence.*

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the [defendant] is no longer entitled to the presumption of innocence. [Cit.]" *Newsome v. State*, 324 Ga. App. 665 (751 SE2d 474) (2013).

"We determine only whether the evidence authorized the jury to find the defendant guilty beyond a reasonable doubt, and in doing so we neither weigh that evidence nor judge the credibility of the witnesses. [Cit.]" *Byrd v. State*, 325 Ga. App. 24 (752 SE2d 84) (2013).

So viewed, the evidence shows that at approximately 9:30 a.m., on November 25, 2009, Daniel opened a fence gate and entered the victims' property; went to the back door of their house and knocked on the door; upon no one answering the knock, Daniel broke in the back door and entered an enclosed porch; he then attempted to remove the hinges of a door leading into the interior of the house, where the victims had many valuable items, including a computer, television, video game consoles, and leather goods.

At the time of the attempted break-in, 11-year-old M. R. was inside the house alone, while both of his parents were at work. M. R. called 911 and reported the incident. A patrol officer responded to the call within two minutes, heard a loud metal-on-metal noise as Daniel was still trying to gain entry through the door, confronted Daniel with his weapon drawn, and ordered him to show his hands. Daniel came out from the porch with his hands up and said, "You got me." As the officer handcuffed him, Daniel told the officer, "I can get you a murderer."

Daniel was charged with burglary in violation of OCGA § 16-7-1 in that he unlawfully entered the victims' premises with the intent to commit a theft therein. He argues that the evidence was insufficient because it did not exclude the reasonable hypothesis that he did not have the intent to commit theft and instead was simply seeking shelter from the cold. However, Daniel has pointed to no evidence in the record which would support an inference that he was merely seeking shelter. Conversely, "[t]he presence of valuables inside the premises can support an inference of intent to steal, particularly when no other motive is apparent." *Miller v. State*, 208 Ga. App. 547, 547-548 (1) (430 SE2d 873) (1993) (citations and punctuation omitted). In this case, evidence showing "[t]he presence of valuables, such as [the victims'] television[, computer and other goods], is sufficient to support an inference of [Daniel's] intent to steal." *Howard v. State*, 227 Ga. App. 5, 8 (6) (b) (488 SE2d 489) (1997) (citation omitted). "And the fact that [Daniel] may have failed in accomplishing his apparent purpose does not render a finding of burglary improper." *Bradshaw v. State*, 172 Ga. App. 330, 332 (2) (323 SE2d 253) (1984) (citations and punctuation omitted). Accordingly, "the evidence was sufficient to authorize the jury's verdict that defendant is guilty, beyond a reasonable doubt, of burglary as alleged in the indictment." *Howard*, supra.

2. *Jury charge on criminal trespass.*

Daniel contends that the trial court erred in failing to charge the jury on criminal trespass as a lesser included offense of burglary. Our review of this issue is only for plain error. Although Daniel filed a written request for such an instruction and objected at the charge conference when the court indicated that it would not give the charge, Daniel failed to object to the jury charge that the court eventually gave.

> Because an objection voiced at the charge conference does not preserve objections to the charge as subsequently given, the failure to object to the charge as given precludes appellate review unless such portion of the jury charge constitutes plain error which affects substantial rights of the parties. Despite the lack of objection below, the omission of the jury instruction [on criminal trespass] was raised on motion for new trial and enumerated as error and argued on appeal in this case. Consequently, we will review the failure to charge on [criminal trespass], but we review only for plain error, meaning an error that is obvious, that likely affected the outcome of the proceedings, and that seriously affects the fairness, integrity or public reputation of judicial proceedings. We find no plain error here.

*Merritt v. State*, 292 Ga. 327, 330-331 (2) (737 SE2d 673) (2013) (citations and punctuation omitted).

"A person commits the offense of criminal trespass when he or she knowingly and without authority . . . [e]nters upon the land or premises of another person . . . for an unlawful purpose[.]" OCGA § 16-7-21 (b) (1). Daniel argues that the jury could

have found that the unlawful purpose for which he entered upon the victims' premises was to seek shelter, not to commit a theft, and thus a jury charge on trespass was warranted. Indeed,

> [w]e have held that the trial court must give a requested charge on criminal trespass as a lesser included offense of burglary where the testimony of the accused if believed, would negate an element of the crime of burglary (entry with intent to commit a felony or theft). Specifically, where the accused admits the unauthorized entry but denies the intent to commit a felony or theft, the trial court must give a requested charge on the lesser included offense of criminal trespass.

*Hiley v. State*, 245 Ga. App. 900 (539 SE2d 530) (2000) (citations and punctuation omitted).

However, in this case, Daniel did not testify at trial or present any other evidence negating any element of the crime of burglary. Rather, as noted above and as properly found by the trial court, while the state presented evidence from which the jury could infer an intent to steal, there was no evidence that Daniel was merely seeking shelter when he tried to break into the area of the victims' house containing valuables. "[S]ince there [was] no evidence of any intent other than that set out in the indictment, to commit a theft, the requested charge [on trespass as a lesser offense] was not supported by evidence. That being so, the trial court did not [commit plain error] in refusing to give the requested charge." *McLeroy v. State*, 184 Ga. App. 62,

5

63 (2) (360 SE2d 631) (1987) (citations omitted) (affirming trial court's refusal to give jury charge on criminal trespass as a lesser included offense of burglary). Accord *Varnes v. State*, 159 Ga. App. 452, 453 (2) (a) (283 SE2d 673) (1981) (where the evidence disclosed only that the defendants entered the premises for the unlawful purpose of committing theft, there was nothing to authorize an instruction on the lesser offense of criminal trespass).

3. *Ineffective assistance of counsel.*

Daniel claims his trial counsel was ineffective in failing to preserve the objection to the court's failure to charge on criminal trespass and in failing to object to a burden-shifting answer by the trial court in response to jury questions. To prevail on these claims, Daniel must show both that his counsel's performance was deficient and that the deficient performance so prejudiced him that, but for the deficiency, there is a reasonable probability that the outcome of the trial would have been different. See *McDuffie v. State*, 298 Ga. 112, 115 (2) (779 SE2d 620) (2015); *Long v. State*, 287 Ga. 886, 891 (4) (700 SE2d 399) (2010). Daniel has not made these required showings.

With regard to a jury charge on criminal trespass, as discussed above in Division 2, there was no evidence to support such a charge. "As the trial court would

not have been authorized to charge the jury on criminal trespass as a lesser included offense of burglary, it logically follows that [Daniel] cannot show that his trial counsel's failure to [preserve an objection to the lack of] such a charge was ineffective." *Dillard v. State*, 323 Ga. App. 333, 337 (2) (753 SE2d 772) (2013) (citation omitted).

As for the trial court's response to the jury's questions, contrary to Daniel's characterization, the response was not burden-shifting. During deliberations, the jurors sent a note to the judge asking about the phrase "no other apparent motive," if a motive had to be based solely on the evidence before them, if the state had the burden to disprove apparent motives, and if a motive would be reasonable if no evidence were presented on it. After consulting with the parties, the trial court gave the following response to the jury:

> The state is required to prove all of the elements of burglary as charged in this indictment that you have back there with you. Motive is not an element of burglary. You may only consider evidence you have heard in the courtroom and any exhibits that have been admitted during the course of this trial. I will remind you that the opening statements, closing arguments, indictment and plea of not guilty are not evidence.

"When a jury . . . requests further explanation of the law or raises other questions it is within the trial court's sound discretion to determine the need, breadth,

and formation of any additional jury instructions." *Benjamin v. State*, 322 Ga. App. 8, 12 (2) (b) (743 SE2d 566) (2013) (citations and punctuation omitted). Here, the trial court did not abuse its discretion in responding to the jury's questions as the response, contrary to Daniel's claim, was not burden-shifting and instead "was legally accurate and not confusing or misleading[.]" *Payne v. State*, 219 Ga. App. 318 (1) (b) (464 SE2d 884) (1995). Moreover, Daniel has made no showing of any reasonable probability that the outcome of the trial would have been different had counsel objected to the court's recharge. "Thus, trial counsel's failure to object to the recharge does not amount to ineffective assistance of counsel, and does not warrant a reversal." *Skaggs-Ferrell v. State*, 287 Ga. App. 872, 878 (3) (652 SE2d 891) (2007).

*Judgment affirmed. Miller, P. J., and McMillian, J., concur.*