**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

June 21, 2017

# In the Court of Appeals of Georgia

A17A0327. THOMPSON v. THE STATE.

McFADDEN, Presiding Judge.

After a jury trial, Cedric Thompson was convicted of three counts of aggravated battery and one count of possession of a firearm during the commission of a felony. Thompson challenges the sufficiency of the evidence, but there was enough evidence to authorize the jury to find guilt beyond a reasonable doubt. He complains of the omission of certain language from a jury instruction that the testimony of a single witness is sufficient to establish a fact, but that instruction was not objected to and did not constitute plain error. And he challenges the effectiveness of his trial counsel, but trial counsel's performance was not both deficient and prejudicial. So we affirm.

1. *Sufficiency of the evidence.*

Thompson contends that there was insufficient evidence to support his convictions. The contention is without merit.

The applicable standard of review directs that

> When reviewing a defendant's challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.

*Kilby v. State*, 289 Ga. App. 457 (1) (657 SE2d 567) (2008) (citations omitted).

So viewed, the evidence showed that on October 8, 2011, Thompson was outside at an apartment complex in Atlanta, yelling that anyone selling drugs in the neighborhood would have to give him a 10 percent commission. Darrice Smith, who was standing with a group of men, laughed as Thompson yelled. Thompson then went into his apartment and returned with a handgun. Thompson began shooting the gun, hitting Smith in the leg with a bullet. As Thompson continued firing, his gunshots hit two other victims – Sandra Howell was shot in the arm as she ran back to an apartment and 14-year-old T. D. was shot in the foot as she ran down steps. The evidence was sufficient to authorize a rational trier of fact to find Thompson guilty beyond a reasonable doubt of the charged offenses of aggravated battery (OCGA §

16-5-24) and possession of a firearm during the commission of a felony (OCGA § 16-11-106). See *Fulton v. State*, 278 Ga. 58, 59 (1) (597 SE2d 396) (2004).

2. *Jury instruction on testimony of a single witness.*

Thompson asserts that the trial court erred in instructing the jury that the "[t]estimony of a single witness is sufficient to establish a fact." He argues that the instruction should have included the following emphasized language, as set forth in the suggested pattern jury instructions: the "testimony of a single witness, *if believed*, is sufficient to establish a fact." Georgia Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, §1.31.90 (emphasis supplied). As Thompson concedes in his brief, no objection to the instruction was raised at trial, and therefore we review it for plain error under OCGA § 17-8-58 (b).

> [T]he test for determining whether there is plain error in jury instructions under OCGA § 17-8-58 (b) [is] as follows. First, there must be an error or defect – some sort of deviation from a legal rule – that has not been intentionally relinquished or abandoned, i.e., affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the trial court proceedings. Fourth and finally, if the above three prongs are satisfied, the appellate court has the discretion to remedy the error – discretion which ought to be exercised only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

*Cheddersingh v. State*, 290 Ga. 680, 683 (2) (724 SE2d 366) (2012) (citation omitted). "Thus, beyond showing a clear or obvious error, plain-error analysis requires the appellant to make an affirmative showing that the error probably did affect the outcome below." *Gates v. State*, 298 Ga. 324, 327 (3) (781 SE2d 772) (2016) (citation and punctuation omitted).

In this case, even if we assume, without deciding, that the jury instruction was erroneous, Thompson has not shown that such error probably affected the outcome below. "[A]n erroneous jury instruction cannot be considered in isolation, but must be considered in the context of the entire jury charge on the record as a whole to determine whether there is a reasonable likelihood that the jury improperly applied the challenged instruction." *Davis v. State*, 329 Ga. App. 797, 801 (2) (764 SE2d 588) (2014) (citation omitted). Here, after the trial court gave the single witness jury charge, it fully charged the jury on the credibility of witnesses. Amongst other things, the court instructed the jurors that they must determine the credibility of the witnesses and that they must decide which witnesses and which testimony to believe or not believe. The court further charged the jury on the various factors to consider in deciding witness credibility.

Given the jury instructions as a whole, there is no reasonable likelihood that the jury improperly applied the challenged instruction as not requiring them to determine the believability of any single witness. Rather, it is apparent that the jury was fully informed that they were required to determine the credibility of all of the witnesses and the believability of their testimony. Because Thompson has failed to make an affirmative showing that the jury instruction probably affected the outcome below, the instruction did not constitute plain error.

3. *Ineffective assistance of counsel.*

Thompson claims that his trial counsel was ineffective in failing to object to the single-witness jury instruction discussed above, in failing to object to testimony about a transcript of recorded telephone conversations, and in withdrawing a hearsay objection to certain testimony. "To prevail on these claims, [Thompson] must show both that his counsel's performance was deficient and that the deficient performance so prejudiced him that, but for the deficiency, there is a reasonable probability that the outcome of the trial would have been different." *Daniel v. State*, 338 Ga. App. 389, 392 (3) (787 SE2d 281) (2016) (citations omitted). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Cushenberry v. State*, 300 Ga. 190, 197 (3) (794 SE2d 165)

5

(2016) (citations and punctuation omitted). Thompson has failed to show both deficient performance and prejudice.

a. *Failure to object to jury instruction.*

Thompson claims that his trial counsel was ineffective in failing to object to the jury instruction on the testimony of a single witness being sufficient to establish a fact because it omitted the "if believed" language of the pattern jury instruction as discussed above in Division 2. In the case of *Wilhite v. State*, 337 Ga. App. 324 (787 SE2d 293) (2016), this same claim of ineffective assistance was rejected on the ground that the appellant had "failed to show the requisite prejudice in light of the trial court's full charge to the jury, which included an instruction that the jury must determine witness credibility and decide which witnesses to believe or not to believe." Id. at 327 (1) (c). Likewise, in the instant case, Thompson has failed to show that he was prejudiced by the lack of an objection to the single witness jury instruction in light of the trial court having fully charged the jury on its duties to determine witness credibility and to decide which witnesses to believe or not believe.

b. *Failure to object to testimony about transcript.*

At trial, a deputy sheriff identified Thompson's voice on recorded jail telephone conversations. Portions of the recorded calls, totaling approximately three

minutes, were then played for the jury. Thereafter, the state showed a transcript of the recording to the deputy and asked him questions about its contents. Thompson now asserts that his trial counsel was ineffective in failing to object to the deputy's testimony about the transcript, arguing that the transcript, unlike the recording, was not evidence and that the deputy's testimony improperly gave credibility to the transcript.

Thompson, however, has not identified any specific part of the transcript that differed from the recording played for the jury, has not pointed to any testimony by the deputy that misconstrued the contents of the transcript or the recording, and has not shown how he was harmed by the testimony. Thus, even if we assume that counsel was deficient in failing to object to the deputy's testimony about the transcript, Thompson has not shown that, but for the lack of such an objection, there is a reasonable probability the outcome of the trial would have been different. See *Stokes v. State*, 281 Ga. 825, 834 (8) (e) (642 SE2d 82) (2007) (no ineffective assistance where appellant did not demonstrate how alleged failures of counsel resulted in prejudice to his defense).

c. *Withdrawal of hearsay objection.*

7

Thompson contends that his trial counsel was ineffective in withdrawing a hearsay objection to a detective's testimony that the mother of one of the shooting victims had said that she knows Thompson from the apartment complex. At the motion for new trial hearing, Thompson's counsel testified that sometimes a decision to allow hearsay can be strategic. When Thompson further questioned trial counsel about withdrawing a hearsay objection, counsel responded that "trials are very fluid," that "there are so many things going on at trials [that] strategies change depending on how testimony comes out from various witnesses," that she had no rule to stay with an objection "because there could have been something else going on in the trial," and that she could not "answer the question with a hard [and] fast rule because things change all the time during trial." Thompson elicited no other testimony from trial counsel explaining any further motive behind her decision to withdraw the hearsay objection.

As a general rule, matters of reasonable trial strategy and tactics do not amount to ineffective assistance of counsel, and an attorney's decision to forego objecting to hearsay may constitute reasonable trial strategy. *Williams v. State*, 282 Ga. 561, 564 (5) (a) (651 SE2d 674) (2007). "In the absence of testimony to the contrary, counsel's actions are presumed strategic." *Patel v. State*, 279 Ga. 750, 754 (c) (620 SE2d 343)

(2005) (citation and punctuation omitted). Here, because Thompson failed to elicit any such testimony to the contrary, trial counsel's decision to forego the hearsay objection "is presumed strategic and will not support a claim of ineffective assistance." *Traylor v. State*, 332 Ga. App. 441, 448 (3) (b) (773 SE2d 403) (2015) (citations omitted). See also *Futch v. State*, 286 Ga. 378, 383 (2) (c) (687 SE2d 805) (2010).

*Judgment affirmed. Branch and Bethel, JJ., concur.*

9