301 Ga. 783
FINAL COPY

S17G0107. DANIEL v. THE STATE.

GRANT, Justice.

A jury found Appellant Desmond Daniel guilty of burglary after he was caught attempting to gain entry to a house by removing a back door's hinges. The Court of Appeals affirmed the trial court's order denying Daniel's motion for new trial. *Daniel v. State*, 338 Ga. App. 389 (787 SE2d 281) (2016). We granted certiorari to address whether, in a prosecution for burglary, a defendant must present affirmative evidence to counter a permissible inference of specific intent in order to receive a jury instruction on a lesser included offense of criminal trespass. Or in other words, as the Court of Appeals suggested, whether a defendant must present "other evidence negating any element of the crime of burglary" in order to receive a criminal trespass charge as a lesser included offense in a burglary case. Id. at 391. The answer to that question is no — the defendant never assumes any burden to "disprove" any element of a criminal charge. But it is also true that an instruction on a lesser included offense must be given only if the evidence

warrants the instruction. *Cotton v. State*, 274 Ga. 26, 26 (2) (549 SE2d 71) (2001); *Bryson v. State*, 299 Ga. 751, 755 (2) (d) (791 SE2d 43) (2016). That standard was not reached here because there was no evidence at all before the jury to support Daniel's request for a criminal trespass charge. Accordingly, we affirm the judgment of the Court of Appeals.

I.

On November 25, 2009, a Fulton County police officer responded to a 911 call from an eleven-year-old boy reporting that someone was trying to break into his home. When the officer arrived, he heard a loud "metal on metal" noise and found Daniel on a screened porch attempting to get inside the home through a door that led into the boy's bedroom. Daniel had breached a fence surrounding the property and had cut or damaged a portion of the screen on the porch door in an attempt to gain access to the home. A door leading to the interior of the home was not damaged, although the door's hinge pins had been raised as a result of the break-in attempt. When ordered to show his hands, Daniel exited the porch, walked toward the officer, and responded, "You got me." As the officer handcuffed him, Daniel told the officer, "I can get you a murderer." Although there were valuable items on the porch and inside the home, the residents determined that nothing

was missing or moved. Situated in a neighborhood of occupied homes, the house was not boarded up and did not appear to be abandoned.

As was his right, Daniel did not testify at trial or present any other evidence. He did request in writing that the trial court instruct the jury on criminal trespass.[1] Ultimately, the trial court concluded that there was no evidence to support a criminal trespass instruction and denied Daniel's request. In his motion for a new trial, Daniel challenged the trial court's decision not to instruct the jury on criminal trespass. The trial court denied his motion, and the Court of Appeals affirmed. The Court of Appeals concluded that since there was no evidence of any intent other than that set out in the indictment, the evidence did not support the requested criminal trespass charge. *Daniel*, 338 Ga. App. at 392 (2). In reaching this conclusion, the Court of Appeals noted that Daniel "did not testify at trial or present any other evidence negating any element of the crime of burglary." Id. Because the Court of Appeals correctly concluded that there was no evidence to support the requested criminal trespass charge under the argument set forth by Daniel, we affirm. But to the extent that the Court of

---

[1] Because we find no error, much less plain error, in the trial court's decision not to offer the criminal trespass instruction, we need not consider whether Daniel preserved an objection to the lack of instruction at trial.

Appeals' opinion could be read to require a defendant to testify or present affirmative evidence negating the State's evidence of intent in order to be entitled to a jury instruction on a lesser included offense, we disapprove of such a reading.

## II.

Where a criminal defendant has pleaded not guilty and thereby disputed every element of the crime, that criminal defendant is under no obligation to prove, or disprove, anything. *Parker v. State*, 277 Ga. 439, 441 (2) (588 SE2d 683) (2003). "[T]he law is absolutely clear that a criminal defendant carries no burden of proof or persuasion whatsoever." *Wyatt v. State*, 267 Ga. 860, 863 (1) (485 SE2d 470) (1997). Consequently, Daniel was under no obligation to prove or disprove any element of burglary, the charge for which he was indicted. Any suggestion to the contrary in the decision below was incorrect.

But in order to authorize a jury instruction on a lesser included offense, there must be some evidence in the record that the defendant committed that offense. See, e.g., *Moore v. State*, 254 Ga. 525, 531 (7) (330 SE2d 717) (1985) (finding no error in the trial court's refusal to instruct the jury on a lesser included offense where the evidence would not support any

such charge); *Edwards v. State*, 264 Ga. 131, 133 (442 SE2d 444) (1994) ("[W]here the State's evidence establishes all of the elements of an offense and *there is no evidence raising the lesser offense*, there is no error in failing to give a charge on the lesser offense." (emphasis in original)); see also *Lupoe v. State*, 284 Ga. 576, 577 (2) (669 SE2d 133) (2008) (holding that where "the evidence shows either the commission of the completed offense as charged, or the commission of no offense, the trial court is not required to charge the jury on a lesser included offense" (citation and punctuation omitted)). The evidence to support the charge does not need to be persuasive, but it must exist. There certainly have been cases where a defendant's own testimony or statements provided some support for charging the jury on a lesser included offense. See, e.g., *Hiley v. State*, 245 Ga. App. 900 (539 SE2d 530) (2000); *Hambrick v. State*, 190 Ga. App. 119, 120 (1) (378 SE2d 340) (1989). But the evidence of a lesser included offense may come from a variety of sources; the trial court is plainly not limited to considering only evidence put forth by the defendant when evaluating a requested jury instruction. And Georgia law has absolutely no requirement that the defendant testify or enter evidence in order to support an instruction on a lesser included offense. Instead, the requirement for lesser included

offenses is simply that some evidence — any evidence — exists to support the requested instruction. With this in mind, we turn now to the application of these principles to this case.

## III.

Here, there was simply no evidence to support Daniel's requested instruction for criminal trespass based on OCGA § 16-7-21 (b) (1).[2] When asked by the court what evidence supported the criminal trespass instruction, trial counsel responded that "[w]e all admit that he was there. That is criminal trespass. Was he there with the intent to steal is the burglary and the jury question." Of course, whether "he was there" is an important question,

---

[2] Daniel specifically requested an instruction based on the following portion of the criminal trespass statute:

> (b) A person commits the offense of criminal trespass when he or she knowingly and without authority:
>> (1) Enters upon the land or premises of another person or into any part of any vehicle, railroad car, aircraft, or watercraft of another person for an unlawful purpose[.]

OCGA § 16-7-21 (b) (1). Daniel was charged with burglary in violation of OCGA § 16-7-1 (b), which provides in relevant part:

> A person commits the offense of burglary in the first degree when, without authority and with the intent to commit a felony or theft therein, he or she enters or remains within an occupied, unoccupied, or vacant dwelling house of another or any building, vehicle, railroad car, watercraft, aircraft, or other such structure designed for use as the dwelling of another. . . .

but Daniel's mere presence is not sufficient to establish a criminal trespass violation. As the trial court pointed out, a criminal trespass charge under OCGA § 16-7-21 (b) (1) requires evidence of two things: first, knowing and unauthorized entry, and second, an unlawful purpose for that entry. When pressed regarding what Daniel's "unlawful purpose" might have been, his trial counsel responded that his purpose could have been "whatever" and listed several possible purposes including sleeping or seeking shelter. No evidence was cited to buttress these suggestions.[3] After a recess, the trial court announced that it would not give Daniel's requested instruction because "there is absolutely no evidence to support the lesser included offense of criminal trespass." The court went on to state that, based on the evidence, "either this was a burglary for the jury to determine or there was no crime committed at all."

In the context of criminal trespass, this Court has interpreted an unlawful purpose to be "a purpose to violate a criminal law." *Mixon v. State*,

---

[3] Indeed, whether at trial or in his appellate briefing, Daniel has not suggested a criminal trespass theory for which supporting evidence was available. And this Court bears no obligation to hypothesize regarding potential theories of criminal liability that have not been argued. Cf. *Wetzel v. State*, 298 Ga. 20, 30-31 (3) (c) (779 SE2d 263) (2015) ("It is not the responsibility of this Court or of the trial court to scour the Criminal Code in search of some offense that might fit that bill.").

7

226 Ga. 869, 870 (1) (178 SE2d 189) (1970). Although Daniel posited that seeking shelter or sleeping were possible unlawful purposes that would support his requested instruction, the record does not contain any evidence of any of those purposes (even assuming that, without more, sleeping or seeking shelter are unlawful purposes). Daniel now contends that the jury could have inferred — based on its independent knowledge of local weather — that it was cold outside the day he tried to enter the home, and that he was merely seeking shelter and did not intend to commit theft. But there was not any evidence before the jury it was cold on that day. Testimony that those living inside the home would use the porch — which they considered to be part of their dwelling — even when it was cold outside does nothing to establish that it was cold on the day in question, or that Daniel was seeking shelter.[4] If

---

[4] There was absolutely no testimony by any witness regarding what weather conditions existed on the day of the crime. In fact, there was evidence before the jury that was contrary to Daniel's later assertion that it was cold on the date of the crime. The State produced testimony from the two adults living in the home that the boy who had called 911 was waiting outside near a police car when they returned home. Both adults, the boy's parents, had been at work when they received phone calls from police regarding the burglary. Both testified that they came home immediately and that their son was standing outside when they arrived. An officer responding to the 911 call testified that when he arrived at the house, the boy was standing at the roadway in shorts and t-shirt waving for the police car to stop.

anything, that testimony would more likely suggest that the porch where Daniel was found could itself be an effective shelter from the cold. Daniel's counsel did suggest to the jury in closing that it may have been a cold morning, and that Daniel could have been seeking shelter or sleep. But that argument is not evidence. See *Zackery v. State*, 286 Ga. 399, 402 (3) (688 SE2d 354) (2010) (noting "what is said by the attorneys in opening statements is not evidence"). Counsel is certainly permitted to hypothesize about what may have occurred. But when evaluating a requested jury instruction, the question is not whether there is any *hypothetical scenario* that would support the charge; instead, the question is whether there is any *evidence* to support the charge.

None of this removes any burden from the State, or shifts any burden to the defendant. Whether or not a criminal trespass charge is given, the State bears the burden of proving beyond a reasonable doubt that the defendant had the intent set out in the burglary statute: intent to commit a felony or theft.[5] See, e.g., *Dillard v. State*, 323 Ga. App. 333, 335 (1) (753

---

[5] With regard to intent, the jury in this case was instructed as follows:

> An intent to steal may be shown in many ways provided you, the jury, believe beyond a reasonable doubt that it existed from the proven facts and circumstances before you. You may infer an intent to steal where the evidence shows an unlawful entry into the building or dwelling place of another where items of some value are

SE2d 772) (2013) (noting that burglary is a specific intent crime). "Generally speaking, in a burglary trial a jury must, of necessity, find intent to commit a felony on the basis of circumstantial evidence." *Jackson v. State*, 270 Ga. 494, 496 (1) (512 SE2d 241) (1999). We have long recognized that intent may be inferred from the presence of valuables inside the place the defendant sought to access. *Steadman v. State*, 81 Ga. 736, 736 (2) (8 SE 420) (1888); accord *Long v. State*, 307 Ga. App. 669, 671 (1) (705 SE2d 889) (2011) (holding that a jury may infer that a defendant intended to commit theft based on the presence of valuables inside the premises, when the jury concludes that there is no other apparent or credible motive for the defendant's unauthorized entry). The jury is thus allowed, but not required, to infer an ultimate fact from proof of a basic fact. See *Pollard v. State*, 249 Ga. 21, 22 (2) (287 SE2d 189) (1982). "It places no burden on the defendant; it merely advises and guides the jury as to what conclusions they might draw from circumstantial evidence presented at trial." Id. The fact that the jury is permitted to exercise a permissive inference of intent to steal when deciding a burglary charge does not mean that the defendant has any obligation to

present, stored or kept inside and where there is no other apparent motive for the entry.

testify or otherwise contest that inference. But it also does not mean that another charge must be offered even where there is no evidence to support it.

If a criminal trespass instruction is required here, it is required in every burglary case, no matter what evidence is (or is not) in the record. That would be contrary to well established Georgia law. "Criminal trespass *may* be a lesser included offense of burglary, but it is not necessarily one. Absent evidence that a defendant made an unauthorized entry for an unlawful purpose other than to commit a theft or felony, a charge on criminal trespass is unwarranted." *Dillard*, 323 Ga. App. at 336 (2). We renew our caution that a defendant is not required to present any evidence, whether to "negate" an element of a charge or otherwise. But that does not mean that the jury must be instructed on any charge the defendant requests. Here, there was no evidence to support the requested criminal trespass charge because Daniel did not cite any evidence that he was on the porch for an unlawful purpose other than theft. Therefore, we find no error in the trial court's refusal to instruct the jury on criminal trespass.

Judgment affirmed. All the Justices concur, except Hunstein, J., who concurs in Divisions I and II and in judgment only in Division III.

Decided August 14, 2017.

Certiorari to the Court of Appeals of Georgia — 338 Ga. App. 389

Gerald B. Kleinrock, for appellant.

Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Lyndsey H. Rudder, Assistant District Attorneys, for appellee.