# Court of Appeals
# of the State of Georgia

ATLANTA,  January 13, 2021

*The Court of Appeals hereby passes the following order:*

**A21D0154. DESMOND DANIEL v. THE STATE.**

Desmond Daniel was convicted of burglary in 2010 and sentenced to 20 years, and we affirmed his conviction on appeal. See *Daniel v. State*, 338 Ga. App. 389 (787 SE2d 281) (2016). Daniel filed a Motion to Modify Sentence on June 20, 2019, which the trial court denied on July 23, 2019. Daniel then filed on July 26, 2019 an Amended Motion to Modify Sentence, which the trial court denied on August 23, 2019. On November 13, 2020, acting pro se, Daniel filed a "Petition for a Writ of Certiorari" in the Supreme Court of Georgia. The Supreme Court docketed his petition as an application for discretionary review, found no apparent basis for the exercise of its jurisdiction, and transferred the application to this Court. We, however, lack jurisdiction for two reasons.

First, Daniel's filing is untimely. An application for discretionary appeal must be filed within 30 days after entry of the appealable decision or judgment at issue. See OCGA § 5-6-35 (d). Daniel's petition was filed more than a year after the trial court denied his most recent motion to modify sentence. "The requirements of OCGA § 5-6-35 are jurisdictional and this [C]ourt cannot accept an appeal not made in compliance therewith." *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989).

Second, "[t]he sentencing court generally has jurisdiction to modify . . . a sentence [of imprisonment] only for one year following the imposition of the sentence. OCGA § 17-10-1 (f)." *von Thomas v. State*, 293 Ga. 569, 571-573 (2) (748 SE2d 446) (2013).  Thereafter, an appeal may lie from an order denying a motion to vacate or correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void.  See *Harper v. State*, 286 Ga. 216, 217 n.1 (686 SE2d

786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). Daniel's motions were filed years after the trial court imposed the sentence, and the record shows no cognizable claim of a void sentence by Daniel. See *von Thomas*, supra (a claim that the State failed to give proper notice of prior convictions in aggravation of sentence may be waived and does not amount to a claim that a sentence is void). OCGA § 16-7-1 provides that the maximum punishment for first-degree burglary is 20 years. Accordingly, Daniel's sentence was not void.

For the foregoing reasons, Daniel's application is hereby DISMISSED for lack of jurisdiction.



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta, __01/13/2021__

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.